IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DEMOCRACY NORTH CAROLINA; NORTH CAROLINA BLACK ALLIANCE; LEAGUE OF WOMEN VOTERS OF NORTH CAROLINA,<br><br>          Plaintiffs,<br><br>  v.<br><br>ALAN HIRSCH, in his official capacity as CHAIR OF THE STATE BOARD OF ELECTIONS; JEFF CARMON III, in his official capacity as SECRETARY OF THE STATE BOARD OF ELECTIONS; STACY EGGERS IV, in his official capacity as MEMBER OF THE STATE BOARD OF ELECTIONS; KEVIN LEWIS, in his official capacity as MEMBER OF THE STATE BOARD OF ELECTIONS; SIOBHAN O'DUFFY MILLEN, in her official capacity as MEMBER OF THE STATE BOARD OF ELECTIONS; KAREN BRINSON BELL, in her official capacity as EXECUTIVE DIRECTOR OF THE STATE BOARD OF ELECTIONS; NORTH CAROLINA STATE BOARD OF ELECTIONS,<br><br>          Defendants. | Case No. 1:23CV00878-TDS-JEP<br><br>Hon. Thomas D. Schroeder<br>Hon. Joi Elizabeth Peake |

**UNOPPOSED MOTION FOR EXPEDITED SCHEDULING CONFERENCE**

Plaintiffs Democracy North Carolina, North Carolina Black Alliance, and League of Women Voters of North Carolina respectfully request that the Court set a date at its earliest convenience for a pretrial conference pursuant to Federal Rule of Civil Procedure 16(a)(1) and Local Rule 16.1 and to order a corresponding expedited schedule for the Parties to confer pursuant to Local Rule 16.1(b) in advance of that conference. Alternatively, Plaintiffs request an order commencing discovery pending a pretrial conference to be scheduled at a later date.

In support, Plaintiffs state as follows:

1. On October 10, 2023, the North Carolina legislature—overriding Governor Roy Cooper's veto—passed North Carolina Senate Bill 747 ("S.B. 747").

2. Plaintiffs brought suit on October 17, 2023, seeking a declaratory judgment finding that S.B. 747 violates the First, Fourteenth and Twenty-Sixth Amendments and a permanent injunction barring Defendants from effectuating certain provisions of S.B. 747. *See* Fed. Rs. Civ. Proc. 57 and 65(a)(2). Specifically, Plaintiffs challenged S.B. 747's modification to the Same-Day Voter Registration process, which requires election officials to deny voter registrations and cancel ballots if the first notice used for mail verification pursuant to G.S. 163-82.7(c) is returned to a county board of elections as undeliverable before the close of business on the business day before canvass.

3. Plaintiffs are seeking relief ahead of the 2024 General Election. With that election fast approaching, it is critical that this case is resolved with ample time for both voters and election administrators to understand and implement any changes that may be ordered, and certainly well in advance of the start of early voting in the General Election (October 17, 2024).

4. On November 15, 2023, the Court held a status conference in this case and two other cases that also challenge S.B. 747—*Voto Latino, et al v. Hirsch, et al.*, 1:23-cv-00861-TDS-JEP, and *Democratic National Committee, et al v. North Carolina State Board of Elections, et al.*, Case No. 1:23-cv-862-TDS-JEP. During the status conference, the Court provided an opportunity for the parties to confer on scheduling. The *Voto Latino* Plaintiffs, the *Democratic National Committee* Plaintiffs, Defendants, and Intervenor-Defendants conferred and agreed to a briefing schedule and limited expedited discovery over the next 2 months to allow for the resolution of motions for preliminary injunctions filed in those cases prior to the March 2024 Primary Election.

5. Plaintiffs in this matter, the State Board Defendants, and the Legislative Defendant-Intervenors (who were granted intervention during the hearing) separately agreed to a thirty-day extension of the responsive pleading deadline, from November 16, 2023 to December 15, 2023, on the condition that the defendants in this matter would consent to the opening of discovery. Specifically, the parties agreed to allow a reasonable amount of discovery to commence immediately so as to minimize the burden on the State Board Defendants and the Legislative Defendant-Intervenors while they focused on the preliminary injunction in the other matters (as described in Paragraph 5) without delaying the progress of the instant action. The thirty-day extension was reflected in a minute entry following the proceedings. *See* Minute Entry 11/15/2023. Plaintiffs file this Motion to formalize the rest of that agreement, per the Court's instruction in the hearing.

6. As the Court noted in the November 15th hearing, this case raises important issues concerning the constitutional rights of North Carolina voters. And in light of considerations set forth by the Supreme Court in *Purcell v. Gonzalez*, 549 U.S. 1, 127 S.Ct. 5 (2006), any resolution in this case must be settled with ample time for election administrators and voters alike to know what rules will apply in advance of voting. Commencing discovery on an expedited basis will allow the development of a fulsome record with which to consider these important claims and will help expedite the disposition of the action in advance of the 2024 General Election.

7. "[B]road discretion is given to the trial court to manage its docket." *Marryshow v. Flynn*, 986 F.2d 689, 693 (4th Cir. 1993). "Proper use of this authority requires the court to exercise its judgment to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket." *Landress v. Tier One Solar LLC*, 243 F. Supp. 3d 633, 646 (M.D.N.C. 2017); *see also Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) ("[D]istrict

3

Case 1:23-cv-00878-TDS-JEP   Document 37   Filed 11/20/23   Page 3 of 6

courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolutions of cases."). Pursuant to this authority—and given the aforementioned time constraints, the need to balance expeditious resolution of this case against the value of a well-developed evidentiary record for the Court to consider in resolving Plaintiffs' claims, and general interests of judicial economy—Plaintiffs believe this is a reasonable request and one warranted by the needs of the case.

8. Plaintiffs have conferred with counsel for the State Board Defendants and the Legislative Defendant-Intervenors regarding this request and they consent.

WHEREFORE, Plaintiffs respectfully request the Court set a date for a pretrial conference at its earliest convenience and order a corresponding expedited schedule for the Parties' Local Rule 16.1(b) obligations for the purposes of opening discovery. In the alternative, Plaintiffs respectfully request that the Court open discovery immediately with a conference on the scope of that discovery to follow.

Dated: November 20, 2023　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ Jeffrey Loperfido*
　　　　　　　　　　　　　　　　　　　　Jeffrey Loperfido (State Bar #52939)
　　　　　　　　　　　　　　　　　　　　Christopher Shenton (State Bar #60442)
　　　　　　　　　　　　　　　　　　　　Katelin Kaiser (State Bar #56799)
　　　　　　　　　　　　　　　　　　　　Hilary H. Klein (State Bar #53711)
　　　　　　　　　　　　　　　　　　　　Mitchell D. Brown (State Bar #56122)
　　　　　　　　　　　　　　　　　　　　Lily A. Talerman (State Bar #61131)
　　　　　　　　　　　　　　　　　　　　Southern Coalition for Social Justice
　　　　　　　　　　　　　　　　　　　　5517 Durham-Chapel Hill Blvd.
　　　　　　　　　　　　　　　　　　　　Durham, NC 27707
　　　　　　　　　　　　　　　　　　　　Telephone: 919-794-4213
　　　　　　　　　　　　　　　　　　　　Facsimile: 919-908-1525
　　　　　　　　　　　　　　　　　　　　jeffloperfido@scsj.org
　　　　　　　　　　　　　　　　　　　　chrisshenton@scsj.org
　　　　　　　　　　　　　　　　　　　　katelin@scsj.org
　　　　　　　　　　　　　　　　　　　　hilaryhklein@scsj.org
　　　　　　　　　　　　　　　　　　　　mitchellbrown@scsj.org
　　　　　　　　　　　　　　　　　　　　lily@scsj.org

Michael Dockterman
Geneva C. Ramirez
Maria O'Keeffe
STEPTOE & JOHNSON LLP
227 West Monroe Street, Suite 4700
Chicago, IL 60606
Telephone: (312) 577-1300
mdockterman@steptoe.com
gramirez@steptoe.com
mokeeffe@steptoe.com

## CERTIFICATE OF COMPLIANCE WITH RULE 7.3(d)

Undersigned counsel certifies that the present filing is in compliance with Local Rule 7.3(d) of the Rules of Practice and Procedure of the United States District Court for the Middle District of North Carolina including the body of the brief, heading and footnotes, and contains no more than 6,250 words as indicated by Word, the program used to prepare the brief.

Respectfully submitted this the 20th day of November, 2023.

>*/s/ Jeffrey Loperfido*
>Jeffrey Loperfido