| | |
|---|---|
| DEMOCRACY NORTH CAROLINA; NORTH CAROLINA BLACK ALLIANCE; and LEAGUE OF WOMEN VOTERS OF NORTH CAROLINA, <br><br> Plaintiffs, <br><br> v. <br><br> ALAN HIRSCH, in his official capacity as CHAIR OF THE STATE BOARD OF ELECTIONS; JEFF CARMON III, in his official capacity as SECRETARY OF THE STATE BOARD OF ELECTIONS; STACIE EGGERS IV, in his official capacity as MEMBER OF THE STATE BOARD OF ELECTIONS; KEVIN LEWIS, in his official capacity as MEMBER OF THE STATE BOARD OF ELECTIONS; SIOBHAN O'DUFFY MILLEN, in her official capacity as MEMBER OF THE STATE BOARD OF ELECTIONS; KAREN BRINSON BELL, in her official capacity as EXECUTIVE DIRECTOR OF THE STATE BOARD OF ELECTIONS; NORTH CAROLINA STATE BOARD OF ELECTIONS, <br><br> Defendants, <br><br> and <br><br> PHILIP E. BERGER, in his official capacity as PRESIDENT *PRO TEMPORE* OF THE NORTH CAROLINA SENATE; and TIMOTHY K. MOORE, in his official capacity as SPEAKER OF THE NORTH CAROLINA HOUSE OF REPRESENTATIVES, <br><br> Intervenor Defendants. | Case No. 1:23-cv-00878 <br><br> Hon. Thomas D. Schroeder <br> Hon. Joi Elizabeth Peake <br><br><br> **JOINT RULE 26(f) REPORT** |

1. Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.1(b), a meeting was held on December 1, 2023 at 10:15 AM via video conference and was attended by (i) Jeffrey Loperfido, Katelin Kaiser, Christopher Shenton, Michael Dockterman, Geneva Rameriz, and Jamie Witte for Plaintiffs Democracy North Carolina, North Carolina Black Alliance, and League Of Women Voters Of North Carolina; (ii) Terence Steed and Mary Carla Babb for Defendants Alan Hirsch, Jeff Carmon III, Stacie Eggers IV, Kevin Lewis, Siobhan O'Duffy Millen, Karen Brinson Bell, and the North Carolina State Board of Elections (collectively, the "State Board Defendants"); and (iii) Alyssa Riggins for Intervenor Defendants Philip Berger and Timothy K. Moore (collectively, the "Legislative Defendant-Intervenors").

2. *Discovery Plan*.

The parties propose the following discovery plan:

a. Per the Minute Entry of the District Judge following a status conference held on November 15, 2023, State Board Defendants and Legislative Defendant-Intervenors shall file responsive pleadings no later than December 15, 2023, with deadlines for responses and replies, if any, to be governed by federal and local rules of civil procedure.

b. Discovery commenced on November 21, 2023 ("Commencement Date"). *See* Nov. 21, 2023 Text Order ("The parties may serve discovery requests prior to the conference, and any issues regarding response deadlines can be addressed at the conference."). Accordingly, discovery should not be postponed or limited pending the determination of any dispositive motions absent Court order.

c. The parties will make Federal Rule of Civil Procedure 26(a) initial disclosures no later than January 16, 2024.

d. Deadlines for responses to written discovery served prior to January 16, 2024, will be negotiated in good faith by the parties as befits the needs of this case and the related matters *Voto Latino, et al v. Hirsch, et al.*, No. 1:23-cv-00861, and *Democratic National Committee, et al v. North Carolina State Board of Elections, et al.*, No. 1:23-cv-862.

e. Unless separately agreed to by the parties or ordered by the Court, no document productions by the parties will be required prior to January 16, 2024, with the timing for rolling document productions to be negotiated in good faith by the parties as befits the needs of this case and the related matters *Voto Latino, et al v. Hirsch, et al.*, No. 1:23-cv-00861, and *Democratic National Committee, et al v. North Carolina State Board of Elections, et al.*, No. 1:23-cv-862.

f. No depositions of party witnesses (fact or expert) will be conducted prior to January 16, 2024.

g. As of the Commencement Date, third party discovery will proceed as usual in accordance with the Federal Rules of Civil Procedure and applicable local rules.

Discovery will be needed on the following subjects:

h. Plaintiffs will seek discovery on the following subjects:

   i. The impact of S.B. 747's changes to same-day registration in North Carolina, including but not limited to:

      a. The risk of erroneous deprivation of the right to vote;

      b. The impact of S.B. 747 on various voter demographics;

      c. The cost of additional procedural protections for voters not included in S.B. 747;

      d. The increased administrative burdens and costs for election officials and staff resulting from S.B. 747's changes to same-day registration; and

      e. The implementation of S.B. 747 including policies, procedures, training materials, and other guidance or instructions related thereto.

   ii. The state interest in enforcing S.B. 747's changes to same-day registration and the factual bases thereof.

   iii. The information available to the proponents of S.B. 747 concerning the changes to same-day registration, their efforts to obtain such information, and the intent of those who ultimately developed and enacted the law.

   iv. Knowledge and information concerning the impact of young voters on the North Carolina electorate.

   v. Knowledge and information concerning the specific challenges faced by youth and student voters in North Carolina when registering to vote and voting.

   vi. Historical data and administrative procedures related to mail verification under North Carolina election law pre and post the enactment of S.B. 747

i. The State Board Defendants will seek discovery on the following subjects:

   i. Plaintiffs' alleged injuries.

j. The Legislative Defendant-Intervenors will seek discovery on the following subjects:

   i. All subjects upon which Plaintiffs or any other party seeks discovery;

ii. Plaintiffs organizational purpose and alleged harm in this action; including but not limited to, alleged financial harm, alleged other harm, membership, alleged harm of members, funding, and organizational efforts pertaining to the allegations in this case.

iii. All subjects supporting Affirmative Defenses contained in either the NCSBE Defendants and Legislative Defendant Intervenors Responsive Pleadings.

iv. Historical and current practices regarding all methods of voter registration and voting.

v. Information regarding voter demographics in North Carolina.

vi. Information regarding the General Assembly's purpose in passing S.B. 747

vii. Information contained in the Legislative Record.

viii. Data sufficient to show the number of individuals who utilized same-day registration, broken down by each day of one-stop absentee/early voting. Data should also include the month and year of the registrant's birth.

ix. The log records of each step in all mail verification processes for all voters. Providing raw table data (select * queries) from both the verification and verification_history tables in the SBE's Voter Registration Database (SEIMS) would be sufficient to satisfy this request

x. Data sufficient to show the number of address verification cards that were returned as undeliverable on the first attempt. For each returned card, the data should show:

   a. The date the mail verification card was sent or processed

   b. The date the mail verification card was received back or processed by the county board

   c. The month/year of the proposed registrant's date of birth

   d. the mailing address of the proposed registrant; and if different; the address the mail verification card was mailed to

xi. Data sufficient to show the number of address verification cards that were returned undeliverable on the second (or any subsequent) attempt. For each returned card, the data should show:

   a. The date the mail verification card was sent or processed

4

Case 1:23-cv-00878-TDS-JEP   Document 43   Filed 12/11/23   Page 4 of 8

b.  The date the mail verification card was received back or processed by the county board

c.  The month/year of the proposed registrant's date of birth

d.  the mailing address of the proposed registrant; and if different; the address the mail verification card was mailed to

The parties propose that the appropriate plan for this case (with any stipulated modification by the parties as set out above in Paragraph 2 and below) is designated in Local Rule 26.1(a) as **Exceptional**. Presumptively, subject to stipulation of the parties or order of the Court on good cause shown, interrogatories (including subparts) and requests for admission are limited to 30 in number by each party. Depositions are presumptively limited to ten (10) depositions (including any experts[1]) by the plaintiffs, by the defendants, and by third-party defendants. The parties agree to meet and confer about any proposed modifications to these numbers if necessary.

Stipulated modifications to the case management track include:

k.  The date for the completion of all discovery (fact and expert), subject to agreement of the parties for a larger discovery period, is May 17, 2024 ("Completion Date").

l.  The parties propose that a trial on the merits be commenced in May or early June 2024, at the Court's discretion. Trial is expected to last approximately 6 to 8 days. A jury trial has not been demanded.

Reports required by Rule 26(a)(2)(B) and disclosures required by Rule 26(a)(2)(C) are due during the discovery period:

a.  Deadline for opening expert reports is March 15, 2024.

b.  Deadline for rebuttal expert reports is April 12, 2024.

c.  Deadline for reply to rebuttal reports, if any, is April 26, 2024.

d.  Deadline for supplemental expert reports considering same-day registration data from the 2024 Primary Election is 28 days from the availability of that data.

e.  Deadline for supplemental rebuttal expert reports is 14 days from the date of disclosure of supplemental expert reports.

Supplementations will be as provided in Rule 26(e) or as otherwise ordered by the Court.

---

[1] Notwithstanding the 10 deposition limit, the parties agree that additional depositions may be taken if the number of any experts and individual parties for any set of plaintiffs, defendants, or intervenor defendants exceeds 10.

3.  *Mediation/Settlement*.

The parties have discussed possible settlement and agree that settlement is unlikely in this matter and that a mediation conference would be unproductive.

4.  *Preliminary Deposition Schedule*.

Preliminarily, the parties agree that the depositions of Plaintiffs' witnesses and Defendants' witnesses will occur primarily in February and March 2024, and that expert depositions will be taken by the Completion Date. The parties will update this schedule at reasonable intervals.

5.  *Other Items*.

The parties agree to add no further amendments or to add no other parties to the complaint absent leave of Court.

The parties have discussed special procedures for managing this case, including reference of the case to a Magistrate Judge on consent of the parties under 28 U.S.C. § 636(c), or appointment of a master. The parties have not consented to Judge Peake's trial jurisdiction.

The parties have discussed whether the case will involve the possibility of confidential or sealed documents and state as follows in accordance with LR 5.5:

- The parties have discussed the issues of confidentiality raised in this case and the potential need for filing documents under seal. That discussion included the nature of any confidential documents that may be involved in the case, the possibility of using stipulations to avoid the need to file certain documents, and the possibility of agreed-upon redactions of immaterial confidential information in filings to avoid the need for filing documents under seal.

- The parties certify that few, if any, documents will be filed under seal. The parties agree to use the default procedures of LR 5.4(c). In addition, if the party filing the motion to seal is not the party claiming confidentiality, the filing party must meet and confer with the party claiming confidentiality as soon as practicable, but at least two (2) days before filing the documents, to discuss narrowing the claim of confidentiality. The motion to seal must certify that the required conference has occurred, and the party claiming confidentiality must file supporting materials required by LR 5.4(c)(3) within 14 days of the motion to seal.

- The parties also acknowledge that in the course of discovery or otherwise as necessary to litigate the case, they may be required to provide each other with sensitive, private, personal, or confidential information, specifically personally identifiable information from the North Carolina voter file for analysis by party experts. The parties are actively conferring about the scope of such data productions and whether the transmittal of confidential information can be limited in anyway. If such information is ultimately needed, to ensure the security and confidentiality of such information, the parties

anticipate submitting a joint request for a protective order governing confidential documents and information.

The basis of federal subject-matter jurisdiction is federal question.

Dated: December 11, 2023                                  Respectfully submitted,

/s/ Jeffrey Loperfido
Jeffrey Loperfido (State Bar #52939)
Christopher Shenton (State Bar #60442)
Katelin Kaiser (State Bar # 56799)
Hilary H. Klein (State Bar # 53711)
Mitchell D. Brown (State Bar # 56122)
Lily A. Talerman (State Bar # 61131)
**SOUTHERN COALITION FOR SOCIAL JUSTICE**
5517 Durham-Chapel Hill Blvd.
Durham, NC 27707
(919) 794-4213
jeffloperfido@scsj.org
chrisshenton@scsj.org
katelin@scsj.org
hilaryhklein@scsj.org
mitchellbrown@scsj.org
lily@scsj.org

Michael Dockterman (*pro hac vice*)
Jamie Witte (*pro hac vice*)
Geneva Ramirez (*pro hac vice*)
Maria O'Keeffe (*pro hac vice*)
**STEPTOE & JOHNSON LLP**
227 West Monroe Street, Suite 4700
Chicago, IL 60606
(312) 577-1300
mdockterman@steptoe.com
jwitte@steptoe.com
gramirez@steptoe.com
mokeeffe@steptoe.com

*Counsel for Plaintiffs Democracy North Carolina, North Carolina Black Alliance, and League of Women Voters of North Carolina*

/s/ Terrence Steed
Terence Steed (State Bar # 52809)
Mary Carla Babb (State Bar # 25731)
**NORTH CAROLINA DEPARTMENT OF JUSTICE**
P.O. Box 629
Raleigh, NC 27602
(919) 716-6567
tsteed@ncdoj.gov
mcbabb@ncdoj.gov

*Counsel for State Board Defendants*

/s/ Alyssa M. Riggins
Thomas A. Farr (State Bar # 10871)
Phillip Strach (State Bar # 29456)
Alyssa M. Riggins (State Bar # 52366)
Alexandra M. Bradley (State Bar # 54872)
Cassie A. Holt (State Bar # 56505)
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
301 Hillsborough Street, Suite 1400
Raleigh, NC 27603
(919) 329-3800
tom.farr@nelsonmullins.com
phil.strach@nelsonmullins.com
alyssa.riggins@nelsonmullins.com
alex.bradley@nelsonmullins.com
cassie.holt@nelsonmullins.com

*Counsel for Legislative Intervenor Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 11, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all parties of record.

                                  */s/ Jeffrey Loperfido*
                                  Jeffrey Loperfido (State Bar #52939)

8

Case 1:23-cv-00878-TDS-JEP   Document 43   Filed 12/11/23   Page 8 of 8