IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 1:23-cv-00878-TDS-JEP

DEMOCRACY NORTH CAROLINA, et al.,

Plaintiffs,

v.

ALAN HIRSCH, et al.,

Defendants,

and

PHILIP E. BERGER, et al.,

Intervenor-Defendants.

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL RESPONSE TO SUBPOENA AND TO AUTHORIZE ALTERNATIVE SERVICE OF SUBPOENAS**

Plaintiffs Democracy North Carolina, North Carolina Black Alliance, and League of Women Voters of North Carolina (collectively, "Plaintiffs") submit this Memorandum of Law in support of their Motion to Compel Response to Subpoena and to Authorize Alternative Service of Subpoenas.

## INTRODUCTION

In the Complaint, Plaintiffs allege that the drafting and passage of S.B. 747, a law that intentionally discriminates against youth voters, was influenced by Cleta Mitchell—a licensed attorney and vocal activist known for spearheading a "crack down" on student voting—and members of the North Carolina Election Integrity Team ("NCEIT")—a North Carolina-based organization with which Mitchell consults. (Compl. ¶¶ 39–40.) Beginning in mid-December 2023, Plaintiffs have attempted service of document subpoenas on both Mitchell and NCEIT by process server, USPS Certified Mail, and, in Mitchell's case, email.

Six attempts by two process servers and the Moore County Sheriff's Office have now been made to serve Mitchell in person, none of which have been successful. Initial efforts were thwarted

because process servers were denied access to Mitchell's gated community. Then the Moore County Sheriff attempted to serve her on three separate occasions, but Mitchell was either not home or made it appear that she was not home. Given Mitchell's seeming attempts to evade personal service, Plaintiffs sent their subpoena to Mitchell by USPS Certified Mail, which was signed for at her address on January 2, 2024. When Mitchell had not responded to the subpoena on January 16, 2024—the compliance date, Plaintiffs identified her email address on the Washington, D.C. Bar's Member Directory and emailed her a copy of the subpoena, requesting that she accept service. Mitchell refused, stating, "I am not opening this attachment as I do not wish for you to claim (falsely) that you served it via email, just as you are claiming (falsely) that you served me via certified mail." Mitchell further stated, "You need to effect proper service which you have not done to date. No shortcuts will be agreed to[.]"

Plaintiffs have been unable to serve NCEIT's registered agent—James Womack Jr.—via any method of service that requires an affirmative act—*e.g.*, signing a Certified Mail Receipt or answering the door—on Womack's part. Plaintiffs have both attempted service by USPS Certified mail and their process server has attempted personal service at Womack's address on four occasions. On the one occasion when an adult male answered the door at Womack's address, the process server determined that the man answering the door was not competent to accept service. The process server believes that the individual was instructed by two other adults in the house to answer the door and deny that the other adults were home. Delivery of the subpoena by Certified Mail has also been unsuccessful to date.

Plaintiffs have reason to believe that both Mitchell and NCEIT are actively evading service and require the Court's intervention. Plaintiffs therefore respectfully request an order compelling

2

Mitchell to respond to their subpoena for documents served on her by Certified Mail and authorizing service on both Mitchell and NCEIT by alternative means.

## STATEMENT OF FACTS[1]

On December 15, 2023, Plaintiffs issued subpoenas for service on both Mitchel and NCEIT seeking documents relevant to this case. (Ramirez Decl. ¶ 5; *id.* Exs. C–D.) Based on Plaintiffs' review of public records, Mitchell resides at 139 National Drive, Pinehurst, North Carolina 28374. (Ramirez Decl. ¶ 3; *id.*, Ex. A.) Based on business data available on the North Carolina Secretary of State's website, the North Carolina Election Integrity Team is a non-profit. (Ramirez Decl. ¶ 4; *id.*, Ex. B.) Its registered agent is James Womack Jr., and its service address is 1615 Boone Trail Road, Sanford, North Carolina 27330. (*Id.*)

***Service on Cleta Mitchell.*** On or about December 15, 2023, Plaintiffs retained process server Erin de la Cruz of the Black Dog Agency LLC to serve Mitchell. (Ramirez Decl. ¶ 6.) When de la Cruz attempted service on December 19, 2023, he discovered that Mitchell resides in a gated community and was denied access because Mitchell had not granted permission to enter the community. (*Id.* ¶ 7; *id.*, Ex. E.) Plaintiffs separately hired Marcus Lawing, a private investigator licensed in North Carolina, to attempt service. (Ramirez Decl. ¶ 9.) Lawing attempted service on January 5, 2024 between 4:30 p.m. and 5:06 p.m. (*Id.* ¶ 10; *id.*, Ex. G.) When he reached the entrance of Mitchell's gated community, he requested that the guard call her to authorize entry. (*Id.*) Lawing cannot confirm whether the guard in fact called Mitchell, but he was denied entry. (*Id.*) Lawing attempted service a second time on January 8, 2024 between 8:00 am and 8:45 am, but again was denied access. (*Id.*) Lawing advised Plaintiffs that the Moore County Sheriff's

---

[1] Compliance with Local Rule 37.1 was not possible given the facts and circumstances described herein.

Office may be able to enter the gated community without the property owner's consent to complete service. (*Id.*) Plaintiffs did so.

Officer Delmar E. Lerma of the Moore County Sheriff's Department attempted service at Mitchell's address three times, on January 11, 2024 at 9:20 a.m., January 17, 2024 at 2:39 p.m., and January 18, 2024 at 8:42 a.m. (Ramirez Decl. ¶¶ 11–12; *id.*, Ex. H.) On his first attempt, Officer Lerma was advised that Mitchell was out of town. On his second and third attempts, Mitchell did not appear to be home, but the guard at Mitchell's gated community advised Officer Lerma that Mitchell had been home on the date of his second service attempt. (*Id.*)

On December 22, 2023, when it became apparent that Mitchell would deny access for a process server to enter her gated community, Plaintiffs sent a copy of the subpoena to Mitchell by USPS Certified Mail, which was delivered on January 2, 2024. (Ramirez Decl. ¶¶ 13–14; *id.*, Exs. I–J.) The response date on Plaintiffs' subpoena directed to Mitchell was January 16, 2024. (*Id.*, Ex. C.) To date, Mitchell has not acknowledged receipt of the subpoena in any way, let alone complied with it. (Ramirez Decl. ¶¶ 15, 18–21.) In fact, when Plaintiffs sent Mitchell a copy of the subpoena by email on January 29, 2024, Mitchell claimed that she personally had "not signed any certified mail receipt for any such documents," refused to accept service by email, and insisted that Plaintiffs had not effected [*sic.*] proper service to date. (*Id.* ¶¶ 19-21.)

***Attempted Service on NCEIT.*** Plaintiffs also retained process server Erin de la Cruz to serve NCEIT. (Ramirez Decl. ¶ 6.) De la Cruz attempted service on NCEIT's registered agent, James Womack, four times on: December 20, 2023 at 5:41 p.m., December 27, 2023 at 11:40 a.m., December 28, 2023 at 9:15 a.m., and January 4, 2024 at 6:10 p.m. (*Id.* ¶ 8; *id.*, Ex. F.) Only once did an adult respond to de la Cruz's attempted service. (*Id.*) But de la Cruz believed that the white male who answered the door was not competent to accept service, and the man claimed no one

4

else was available to come to the door. (*Id.*) Despite this claim, la Cruz had reason to believe that two other persons were home and had instructed the man to answer the door. (*Id.*) De la Cruz believes that Womack will not voluntarily accept service. (*Id.*)

After de la Cruz's fourth unsuccessful attempt at service on Womack, Plaintiffs issued the subpoena to him by USPS certified mail on January 8, 2024. (Ramirez Decl. ¶ 16; *id.*, Exs. K–L.) Based on the available USPS tracking data, no authorized recipient was available to accept service when delivery was attempted on January 9, 2024, and service has not since been accomplished despite the fact that USPS left notice at Womack's address. (*Id.*)

## ARGUMENT

### I. The Court should compel Cleta Mitchell to respond to Plaintiffs' document subpoena.

Plaintiffs require the Court's intervention to compel Cleta Mitchell to respond to the document subpoena served on her by USPS Certified Mail on January 2, 2024. Federal Rule of Civil Procedure 45(b)(1) provides that "[a]ny person who is at least 18 years old and not a party may serve a subpoena," and that "[s]erving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). Rule 45 "does not expressly require personal in-hand service." *Hall v. Sullivan*, 229 F.R.D. 501, 504 (D. Md. 2005) (noting "that the obvious purpose of Rule 45(b) is to mandate effective notice to the subpoenaed party, rather than slavishly adhere to one particular type of service"). And the growing number of courts that have confirmed methods of service other than personal service are permissible under Rule 45 have cited the following justifications:

> (1) the actual language of [Rule 45] does not require personal service; (2) as Rule 4(e) demonstrates, the drafts of the Federal Rules knew how to require personal service when they wanted it; (3) the cases holding that personal service is required by Rule 45 do not provide meaningful analysis, but instead, simply quote the rule; and (4) there is absolutely no policy distinction that would justify permitting 'lesser' forms of service for a summons and a complaint—which actually commence a lawsuit—but not for a subpoena.

5

*Id.* at 505 (citing 9 James Wm. Moore et al., Moore's Federal Practice—Civil ¶ 45.03(4)(b)(i)); *see also King v. Crown Plastering Corp.*, 170 F.R.D. 355 (E.D.N.Y.1997) (holding that in-hand delivery is not required under Rule 45 so long as service is made in a manner that reasonably insures actual receipt of the subpoena); *Western Resources, Inc. v. Union Pacific R.R. Co.*, Case No. 00-2043-CM, 2002 WL 1822432 (D. Kan. 2002) (holding that delivery of subpoena via Federal Express was sufficient because effective service under Rule 45 is not limited to personal service); *Bland v. Fairfax Cnty.*, 275 F.R.D. 466, 472 (E.D. Va. 2011) (holding that FRCP 45 allows for service by certified mail); *Doe v. Hersemann*, 155 F.R.D. 630 (N.D. Ind. 1994) (holding that service of a subpoena via certified mail is sufficient under Rule 45, particularly where recipient did not deny actual receipt).

As noted in these cases, service by certified mail provides sufficient notice under Rule 45. *See also N.L.R.B. v. Baker*, 166 F.3d 333 (4th Cir. 1998) ("readily find[ing] that certified mail provides notice reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" (cleaned up)).

Here, Plaintiffs served Cleta Mitchell with their subpoena for documents by Certified Mail when it became apparent that Plaintiffs' diligent efforts to effectuate personal service on Mitchell might not succeed because either she or the representative of her gated community would not grant access to a process server attempting to effectuate legal process. (Ramirez Decl. ¶¶ 6–7, 9–10, 13–14; *id.*, Exs. E, G, I–J.) Despite receiving the subpoena on January 2, 2024, Mitchell has failed to object, respond, or otherwise acknowledge the subpoena by the response date—January 16, 2024. (Ramirez Decl. ¶¶ 15, 18–21; *id.*, Exs. N–P.) Given that Plaintiffs have effectuated service on

6

Case 1:23-cv-00878-TDS-JEP   Document 55   Filed 01/31/24   Page 6 of 12

Mitchell by Certified Mail, a method of service approved by the Fourth Circuit, the Court should compel Mitchell to respond to the subpoena. *See N.L.R.B.*, 166 F.3d 333.

**II.   The Court should authorize alternative methods of service of document and deposition subpoenas on Cleta Mitchell and the North Carolina Voter Integrity Team.**

"[A]lternative means of service—that is, non-personal service—of a subpoena for a deposition [or documents] is allowable: (1) after a party has made diligent efforts to effectuate personal service; and (2) if the alternative means seem likely to reasonably ensure actual receipt of the subpoena." *Jowite Ltd. P'ship v. Fed. Ins. Co.*, Case No. SAG-18-2413, 2019 WL 13251993, at *2 (D. Md. July 17, 2019) (collecting authority).

Plaintiffs have diligently attempted to accomplish personal service of Rule 45 document subpoenas on both Mitchell and NCEIT's registered agent without success. Plaintiffs have retained two separate process servers to serve Mitchell, both of whom were denied access to her gated community. (Ramirez Decl. ¶¶ 6–7, 9–10; *id.*, Exs. E, G.) Plaintiffs then retained the Moore County Sheriff's Department, which *was* granted access to Mitchell's gated community, but was nevertheless unable to serve Mitchell after making three attempts at service. (Ramirez Decl. ¶¶ 11–12; *id.*, Ex. H.) On the first attempt, Officer Lerma of the Moore County Sheriff's Department was advised that Mitchell was out of town. (*Id.*, Ex. H.) On his second two attempts, Officer Lerma noted that Mitchell did not appear to be home, but the security guard of Mitchell's gated community confirmed to Officer Lerma that Mitchell had been seen at home on the date when Officer Lerma made a second attempt to serve Mitchell. (*Id.*) In addition to Plaintiffs' repeated attempts to serve Mitchell in person, Plaintiffs successfully served their subpoena on her by USPS Certified Mail on January 2, 2024. (Ramirez Decl. ¶¶ 13–14; *id.*, Exs. I–J.) Mitchell has refused to respond to the subpoena to date. (*Id.* ¶ 15.) Indeed, when Plaintiffs sent a copy of the subpoena to Mitchell by email, she refused to open the attached subpoena because she did not "wish for

7

[Plaintiffs] to claim (falsely) that [Plaintiffs] served it via email" and insisted that Plaintiffs continue to attempt "proper service" because "[n]o shortcuts [would] be agreed to[.]" (Ramirez Decl. ¶¶ 19–21; *id.*, Exs. N–P.)

Plaintiffs also hired a process server to attempt personal service of their subpoena on NCEIT's registered agent, James Womack, Jr. (Ramirez Decl. ¶¶ 6, 8; *id.*, Ex. F.) The process server attempted to serve Womack on four separate occasions. (*Id.*, Ex. F.) While an adult man answered the door on one of those occasions, it was apparent to process server that the adult in question was not competent to accept service on behalf of Womack. (*Id.*) The process server also had reason to believe that two other adults were home at the time of the attempted service despite the man's representation that no other adults were present. (*Id.*) The process server believes that Womack will not voluntarily accept service. (*Id.*) Plaintiffs also attempted to serve Womack by USPS Certified Mail. (Ramirez Decl. ¶ 16; *id.*, Exs. K–I.) Based on USPS's tracking data, no authorized recipient was available to accept service when delivery was attempted on January 9, 2024, and service has not been accomplished despite USPS having left notice at Womack's address. (*Id.*, Ex. L.) *See Jowite*, 2019 WL 13251993, at *2 (holding issuing party made diligent efforts to effectuate personal service of a subpoena when it hired an investigator who made multiple attempts to serve the would-be subpoena respondent).

Based on the information above, Plaintiffs have reason to believe that both Mitchell and NCEIT are actively evading service in this matter and believe that further attempts to personally serve Mitchell or NCEIT will be expensive and ultimately unsuccessful. Plaintiffs therefore request that the Court approve alternative methods of service on Cleta Mitchell and NCEIT for subpoenas served under Rule 45. *See Hall*, 229 F.R.D. at 505. ("The objective [of Rule 45 service] should be to ensure fair notice to the person summoned and an opportunity to challenge the

8

subpoena, without unnecessarily imposing on the party seeking the discovery an unnecessarily cumbersome or expensive service requirement.").

With respect to Mitchell, Plaintiffs have successfully served her by USPS Certified Mail and believe that her email address is cleta@cletamitchell.com based on publicly available information on the D.C. Bar's Member Directory. *Searchable Member Directory*, D.C. Bar, https://my.dcbar.org/memberdirectory (last visited Jan. 29, 2024). (Ramirez Decl. ¶¶ 14, 18; *id.*, Ex. J, N.) *See also N.L.R.B.*, 166 F.3d 333 (acknowledging certified mail to be an effective method of providing notice); N.C. Code Civ. P. § 45(b)(1) (authorizing service of a subpoena by registered or certified mail). Based on her quick responses from this email address when Plaintiffs emailed a copy of the subpoena to her, Plaintiffs believe that Mitchell checks this address frequently. (Ramirez Decl. ¶¶ 19–21.) Plaintiff are concerned that any future attempt to serve subpoenas on Mitchell by Certified Mail may be rejected, however, based on her denial that the subpoena was served by Certified Mail, contrary to USPS's records. (Ramirez Decl. ¶ 20, Ex. P.)

With respect to NCEIT and its registered agent, James Womack, no competent adult at Womack's service address has accepted the receipt of Plaintiffs' subpoena sent by USPS Certified Mail. (Ramirez Decl. ¶ 16; *id.*, Exs. K–L.) Nor has Womack attempted to retrieve the mailer in response to the notice USPS left at his address when delivery was unsuccessful. (*Id.*, Ex. L.) For this reason, Plaintiffs believe that Womack and NCEIT will not accept service if signature is required.

Plaintiffs, therefore, request that the Court authorize service on Mitchell and NCEIT by email at cleta@cletamitchell.com and james.k.womack@gmail.com,[2] USPS Priority Mail, and Federal Express. USPS and Priority Mail will include a tracking number, but will not require a

---

[2] Plaintiffs have identified this email address based on their review of documents produced in this matter to date.

signature that may be refused by an evasive witness. *See Jowite*, 2019 WL 13251993, at *2 (authorizing service by Federal Express and USPS first-class mail).

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court enter an order: (1) compelling Cleta Mitchel to respond to the document subpoena served upon her; and (2) authorizing service of on third-party witnesses Cleta Mitchell and North Carolina Election Integrity Team by email, USPS Priority Mail, and Federal Express.

Dated: January 31, 2024         Respectfully submitted,

/s/ *Jeffrey Loperfido*

Jeffrey Loperfido (State Bar #52939)
Christopher Shenton (State Bar #60442)
Katelin S. Kaiser (State Bar #56799)
Hilary H. Klein (State Bar #53711)
**SOUTHERN COALITION FOR SOCIAL JUSTICE**
PO Box 51280
Durham, NC 27717
(919) 794-4213
jeffloperfido@scsj.com
chrisshenton@scsj.com
katelin@scsj.com
hilaryhklein@scsj.com

Michael Dockterman
Jamie Witte
Geneva Ramirez
Maria O'Keeffe
**STEPTOE LLP**
227 W. Monroe St., Unit 2E
Chicago, IL 60606
(312) 577-1300
mdockterman@steptoe.com
jwitte@steptoe.com
gramirez@steptoe.com
mokeeffe@steptoe.com

*Counsel for Plaintiffs*

10

## CERTIFICATE OF COMPLIANCE WITH RULE 7.3(d)

The undersigned counsel certifies that the present filing is in accordance with Local Rule 7.3(d) of the Rules of Practice and Procedure of the United States District Court for the Middle District of North Carolina, including that the body of this brief, headings and footnotes contain no more than 6,250 words as indicated by Microsoft Word, the program used to prepare this brief.

Dated: January 31, 2024             */s/ Jeffrey Loperfido*

                                          Jeffrey Loperfido
                                          Southern Coalition for Social Justice

                                          *Counsel for Plaintiffs Democracy North Carolina, North Carolina Black Alliance, and League of Women Voters of North Carolina*

# CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of **Plaintiffs' Memorandum of Law in Support of Motion to Compel Responses to Subpoena and to Authorize Alternative Service of Subpoenas** was served on all parties of record through the Court's electronic filing system and on the following parties by USPS Priority Mail and e-mail on January 31, 2024 as addressed below:

**Cleta Mitchell**
139 National Drive
Pinehurst, NC 28374
cleta@cletamitchell.com

**North Carolina Election Integrity Team**
c/o James Womack Jr. (Registered Agent)
1615 Boone Trail Road
Sanford, NC 27330
james.k.womack@gmail.com

*/s/ Jeffrey Loperfido*

Jeffrey Loperfido
Southern Coalition for Social Justice

*Counsel for Plaintiffs Democracy North Carolina, North Carolina Black Alliance, and League of Women Voters of North Carolina*