# EXHIBIT D

# UNITED STATES DISTRICT COURT
for the
Middle District of North Carolina

| | | |
|---|---|---|
| Democracy North Carolina, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:23CV00878-TDS-JEP |
| Hirsch, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: North Carolina Election Integrity Team, c/o James Womack
1615 Boone Trail Rd., Sanford NC, 27330-9200
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: 5517 Durham Chapel Hill Blvd. Durham, NC 27707 or by email to mdockterman@steptoe.com | Date and Time: 01/16/2024 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/15/2023

*CLERK OF COURT*                                 OR

_____                  _____
*Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Democracy North Carolina, NC Black Alliance, and League of Women Voters NC , who issues or requests this subpoena, are:

Michael Dockterman | 227 W. Monroe St., Ste 4700, Chicago, IL 60606 | mdockterman@steptoe.com | 312-577-1243

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:23CV00878-TDS-JEP

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 1:23-cv-00187-LPS-JLH   Document 56-4   Filed 01/31/24   Page 4 of 10

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DEMOCRACY NORTH CAROLINA; NORTH CAROLINA BLACK ALLIANCE; LEAGUE OF WOMEN VOTERS OF NORTH CAROLINA,<br><br>        Plaintiffs,<br><br>    v.<br><br>ALAN HIRSCH, in his official capacity as CHAIR OF THE STATE BOARD OF ELECTIONS; JEFF CARMON III, in his official capacity as SECRETARY OF THE STATE BOARD OF ELECTIONS; STACY EGGERS IV, in his official capacity as MEMBER OF THE STATE BOARD OF ELECTIONS; KEVIN LEWIS, in his official capacity as MEMBER OF THE STATE BOARD OF ELECTIONS; SIOBHAN O'DUFFY MILLEN, in her official capacity as MEMBER OF THE STATE BOARD OF ELECTIONS; KAREN BRINSON BELL, in her official capacity as EXECUTIVE DIRECTOR OF THE STATE BOARD OF ELECTIONS; NORTH CAROLINA STATE BOARD OF ELECTIONS,<br><br>        Defendants. | Case No. 1:23CV00878-TDS-JEP |

## **EXHIBIT A TO SUBPOENA TO PRODUCE DOCUMENTS OR INFORMATION**

Pursuant to Rules 30, 34, and 45 of the Federal Rules of Civil Procedure, you are commanded to produce at the time, date, and place set forth in the Subpoena the following documents, electronically stored information or objects specified below, and permit their inspection, copying, testing, or sampling of the materials in accordance with the Definitions and Instructions set forth below. Further, you are directed to supplement this production as provided by the same Rules.

1

# DEFINITIONS

1.  "You" and "Your" shall refer to North Carolina Election Integrity Teams (NCEIT) and all of Your employees, agents, or representatives.

2.  "S.B. 747" shall refer to An Act to Make Various Changes Regarding Elections Law, N.C. Sess. Laws 2023-140.

3.  "[P]roposed or actual changes to same-day registration" shall refer to any proposal, concept, idea, draft language, or bill text for adding, deleting, amending, or in any way altering the requirements for same-day registration in North Carolina, both for voters and voter applicants who utilize North Carolina's same-day registration system as well as for election officials and administrators who process same-day registrations and ballots cast by same-day registrants. This shall include, but not be limited to, any proposal that was considered or intended to be considered by any legislative or administrative body in North Carolina.

4.  "S.B. 747's changes to same-day registration" shall refer to any legal requirements for same-day registration that were added, removed, or modified by S.B. 747, both for voters and voter applicants who utilize North Carolina's same-day registration system as well as for election officials and administrators who process same-day registrations and ballots cast by same-day registrants. This shall include, but not be limited to, any changes made to the process County Boards of Elections use to verify the residential address of a person who registers using same-day registration, the consequence to the voter or voter applicant should such address mail verification fail (including the status of that voter or voter applicant's ballot), and the notice and opportunity to be heard that a voter or voter applicant shall have should such address mail verification fail.

5.  The words "records" and "documents" have the broadest possible meaning to include without limitation the original as well as any identical copy/copies, whether written,

2

printed, typed, electronic, photostatic, photographed, recorded, graphic, digital, or otherwise, however produced or reproduced, whether comprised of letters, words, numbers, pictures, sounds, symbols, or otherwise, as well as any combination thereof, whether prepared by hand or by mechanical, electronic, magnetic, photographic, or other means, as well as audio, video, digital or other recordings, as well as any non-identical copy/copies, including but not limited to any preliminary versions, drafts, or revisions of any of the foregoing, along with attachments, enclosures, comments, notations, additions, insertions, or markings of any kind.

6. The word "communications" includes oral statements, conversations, written statements, events, and messages, whether send or received, whether prepared by hand or by mechanical, electronic, magnetic, photographic, or other means, as well as audio, video, digital or other recordings, including any and all records and documents of the same.

7. The word "person" means any natural person and/or any entity along with any of that entity's successors, parents, predecessors, subsidiaries, members, affiliates, assigns, partners, directors, officers, employees, attorneys, accountants, representatives and/or agents.

8. The word "concerning" shall mean relating to, referring to, describing, evidencing, constituting, bearing upon, addressing, respecting, regarding, discussing, mentioning, reflecting, responding to, identifying, pertaining to, to do with, or being in any way relevant to the subject.

9. The word "relating" or "relates" or "relate" means comprising, mentioning or describing, containing, enumerating, involving or in any way concerning, pertaining or referring to, being connected with, reflecting upon or resulting from, in whole or in part, directly or indirectly, the stated subject matter.

**INSTRUCTIONS**

1. You shall furnish all information, documents, materials and things available through a diligent search of all information, documents, materials and things within Your

3

possession, custody and/or control, as well as in the possession, custody and/or control of Your agents or representatives, including without limitation Your attorneys, accountants, advisors, current/former employees and agents, or anyone else otherwise subject to Your control.

2. You shall produce the information, documents, materials and/or things as kept in the ordinary course of business or in a manner organized and labeled to correspond with the categories in these requests for production. If nothing is responsive to a particular request, You shall state so in a written response to these requests. If You are unable to produce information, documents, materials and/or things as requested, You must nevertheless provide the following information in Your written response to these requests: (i) why production is not possible; and (ii) if the inability to produce is due to lack of possession, the person reasonably believed to be in possession of the information, documents, materials and/or things, if known, including their name, address, and telephone number.

3. If You deem any information, document, material and/or thing sought by these requests as privileged or otherwise protected from discovery, You must nevertheless provide the following information in a privilege log to Plaintiffs: (i) the nature of the privilege asserted; (ii) the person asserting the privilege; and (iii) an identification and description of the requested information, document, material and/or thing sufficient to frame an appropriate demand upon a motion to compel disclosure. At a minimum, the description shall include the (a) general subject matter; (b) the date authored/created and/or communicated/shared; and (c) any and all persons involved in authoring/creating and/or communicating/sharing the information, document, material and/or thing.

4. If You perceive an ambiguity within a request, the instructions, or the definitions, then You shall set forth (i) the matter deemed ambiguous in a written response to these requests,

4

(ii) the reasonable construction it used in answering the request; and (iii) Your good faith response to the request using that reasonable construction. No part of a request shall be left unanswered merely because an objection is interposed to a part of the request.

5. In interpreting these requests, instructions, and definitions, any masculine, feminine, or neuter term includes all other genders; the singular includes the plural and the plural includes the singular; and "or," "and," "and/or," and "including" shall be read inclusively rather than exclusively.

## REQUESTS FOR PRODUCTION

1. All communications from October 1, 2022 to the present which were designed, calibrated, constructed, drafted, prepared, disseminated, or relied upon to influence or attempt to influence the purpose, drafting, development, and/or implementation of any proposed or actual changes to same-day registration by the North Carolina General Assembly, including but not limited to S.B. 747's changes to same-day registration. This shall include any such communications between You and third parties, including but not limited to:

   a. North Carolina General Assembly, including but not limited to members of the House of Representatives and Senate, their staff, interns, consultants, contractors, and agents;

   b. North Carolina State Board of Elections, including but not limited to any individual Board members, Directors, or any other staff;

   c. Any North Carolina County Board of Elections, including but not limited to any individual Board members, Directors, or any other staff;

   d. Any agent, employee, or representative of a North Carolina public or private university or college, the University of North Carolina System, and/or the North Carolina Community College System;

   e. Voter Integrity Project (VIP) and any representatives, including but not limited to Jay DeLancy, John Pizzo, or any other agent or representative of or appearing to be of VIP;

f.  Conservative Partnership Institute (CPI) and any representatives, including but not limited to Cleta Mitchell, or any other agent or representative of or appearing to be of CPI;

g.  Cleta Mitchell, in any capacity;

h.  John Locke Foundation (JLF), including Civitas Center for Public Integrity, and any representatives, including but not limited to Andy Jackson, or any other agent or representative of or appearing to be of JLF;

i.  Public Interest Legal Foundation (PILF) and any representatives, including but not limited to J. Christian Adams, or any other agent or representative of or appearing to be of PILF;

j.  Asheville Tea Party and any representatives or agents of or appearing to be of the Asheville Tea Party.

2. All written testimony, comments, and/or input from October 1, 2022 to the present date provided by You to the General Assembly, any committee or subcommittee of the General Assembly, or any legislator(s) thereof, by mail, email, legislative portal, or by other means relating to any proposed or actual changes to same-day registration.

3. All documents and communications supporting the basis for or otherwise relating to the blog post "Look What WE Did! NC Lawmakers Expected to Roll Out Major Election Law Changes!" previously available on the Asheville Tea Party website at: https://www.ashevilleteaparty.org/post/look-what-we-did-nc-lawmakers-expected-to-roll-out-major-election-law-changes.