IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DEMOCRACY NORTH CAROLINA *et al.*, )
)
    Plaintiffs, )
)
v. ) Case No. 1:23-cv-878-TDS-JEP
)
ALAN HIRSCH *et al.*, )
)
    Defendants. )
_____ )

**RESPONSE OF NON-PARTIES CLETA MITCHELL AND NCEIT IN OPPOSITION TO PLAINTIFFS' "MOTION TO COMPEL RESPONSE TO SUBPOENA AND TO AUTHORIZE ALTERNATIVE SERVICE" FILED PURSUANT TO NON-PARTIES' LIMITED APPEARANCE**

    Pursuant to their limited appearance, non-parties Cleta Mitchell and North Carolina Election Integrity Team ("NCEIT") hereby respond in opposition to Plaintiffs' pending motion to compel response to subpoena and to authorize alternative service, filed January 31, 2024 (D.E. #54) (hereinafter, "the Service Motion").[1]

---

[1] This response is filed subject to the limited appearance by these non-parties, which is made for the purpose of opposing the Service Motion. By way of disclosure, undersigned counsel notes that he is also counsel for other recipients of subpoenas from Plaintiffs in this case, but those non-parties are in active discussions with Plaintiffs' counsel about those subpoenas; thus, those non-parties do not at this time enter an appearance or seek to address the Court on the Service Motion. Each of the non-parties represented by undersigned counsel expressly reserves all of its objections to the subpoenas, including issues related to proper service.

## NATURE OF THE CASE

This case concerns one discrete section of recent North Carolina legislation, S. 747, enacted to enhance election integrity. The Plaintiff organizations sue, alleging that the State's new procedures for the registration of voters on election day (known as "same day registration" or "SDR") violate the United States Constitution and other federal laws. As part of Plaintiffs' litigation, they have sent broad subpoenas *duces tecum* to several individual citizens and small citizen groups, demanding various forms of documents and e-discovery, including the organizations' own internal communications. At least as to non-parties Cleta Mitchell and NCEIT, however, Plaintiffs have failed to perfect proper service of their subpoenas.

## STATEMENT OF FACTS

Plaintiffs are three organizations that have sued the State of North Carolina and others because they object to a new law that ensures those who register to vote on the same day as the election do so using their valid legal residence. (D.E. #1: Compl.) As part of their discovery efforts, Plaintiffs have turned their subpoena powers upon several private citizens and citizen groups. (*See, e.g.,* D.E. #56: Ramirez Decl. ¶¶ 4-5, 16.)

Plaintiffs claim to have sent Mrs. Mitchell certified mail with a subpoena on or about December 22, 2023. (*See id.* at ¶ 13; D.E. #56-9: Ex. I.) From this, Plaintiffs want the Court to simply *assume* that that a tracking update from the USPS establishes service on January 2, 2024, when it states only: "Delivered, Left with Individual." (D.E. #56-10: Ex. J.)

Plaintiffs admit, however, that Mrs. Mitchell advised Plaintiffs' counsel in an email exchange on January 29, 2024, that she "did not receive any such documents and did not sign any certified mail receipt for any such documents." (D.E. #56-15: Ex. O.) Though Mrs. Mitchell keeps a busy schedule and has been away from her home over the last several weeks, she has not been "evading service," as Plaintiffs contend in their briefing. (*See, e.g.,* D.E. #56-8: Ex. H: Moore County's Sheriff's Return (deputy sheriff noting Mrs. Mitchell's not being home).) Mrs. Mitchell does insist, however, that Plaintiffs comply with the requirements of Rule 45 and accordingly informed Plaintiffs' counsel that she would not accept email service of their subpoena.[2] (D.E. #56-16: Ex. P.)

## QUESTIONS PRESENTED

(1) Whether non-party Cleta Mitchell has been served, within the meaning of the Federal Rules of Civil Procedure, with a subpoena *duces tecum*?

---

[2] There should be no question about the timeliness of this response. Local Rule 7.3(f) provides that responses to most motions are due 21 days after service of the motion and responses for discovery motions are due within 14 days of service. Rule 6(d) of the Federal Rules of Civil Procedure then adds three days for a response when service of a motion is made by mail. As Plaintiffs' motion was mailed to Mrs. Mitchell and NCEIT, they are entitled to three additional days after service of the motion. And, their response deadline becomes no earlier than February 20, 2024, with the additional days resulting from the intervening weekend and a federal holiday on which the Court is closed, *see* Fed. R. Civ. P. 6(a)(1) & (3). Rule 5(b)(2)(E) authorizing service by "electronic means" of documents when consent is given "in writing" is inapplicable to service of the motion, even though Plaintiffs' certificate of service says it was emailed to them, because Mrs. Mitchell and NCEIT have never consented to service from the Plaintiffs by email or other electronic means, let alone has either of them given such consent *in writing*.

(2) Whether the Court should authorize service of subpoenas *duces tecum* on non-parties Cleta Mitchell and NCEIT?

**ARGUMENT**

### I. PLAINTIFFS HAVE <u>NOT SERVED</u> NON-PARTY CLETA MITCHELL WITH A SUBPOENA *DUCES TECUM* BY CERTIFIED MAIL OR OTHERWISE.

Rule 45's requirements for service of a subpoena are clear and easy to satisfy. "Serving a subpoena requires delivering a copy to the named person[.]" Fed. R. Civ. P. 45(b); *see Benford v. Am. Broadcasting Co., Inc.*, 98 F.R.D. 40, 41 n.5 (D. Md. 1983) ("Under Rule 45(c), Federal Rules of Civil Procedure, personal service is required when an individual is subpoenaed."). This is something Plaintiffs have failed to accomplish.

Plaintiffs offer no genuine proof that they perfected personal service of their subpoena on Mrs. Mitchell on January 2, 2024. Instead, they first offer a litany of excuses for why their process server and a deputy sheriff have been unable to reach Mrs. Mitchell at her home. Then, Plaintiffs want the Court to simply *assume* that an update from the USPS establishes service, even though it only states: "Delivered, Left with Individual." (D.E. #56-10: Ex. J.) No signature is provided, nor is there any description or identification of this "individual." Plaintiffs even acknowledge that Mrs. Mitchell advised Plaintiffs' counsel in an email exchange on January 29, 2024, that she "***did not receive any such documents and did not sign any certified mail receipt for any such documents***." (D.E. #56-15: Ex. O (emphasis added).) Strangely, Plaintiffs persist in trying to contradict Mrs. Mitchell regarding the purported January 2 service, even though Plaintiffs have been informed the

4

documents ostensibly "left with [an] individual" never in fact reached her, and no such mailing was signed for by her.

Plaintiffs offer the Court a handful of cases from other U.S. District Courts to defend their purported January 2 service by mail, but on review each of these authorities fails to support the expansive definition of Rule 45 service that they ask this Court to embrace:

- *Hall v. Sullivan*, 229 F.R.D. 501, 504 (D. Md. 2005), says that Rule 45 "does not expressly require personal in-hand service." But, it also acknowledges "***a majority of courts have held that personal service is required***." *Id.* at 502, 503 (emphasis added). Moreover, in *Hall*, service was made "via Federal Express . . . [and the subpoenaed party] confirmed that it actually received the subpoena and that it forwarded it to its general counsel's office." *Id.* at 502. Here, however, Mrs. Mitchell denies having received the mailed subpoena.

- *King v. Crown Plastering Corp.*, 170 F.R.D. 355 (E.D.N.Y. 1997), likewise said, "***[T]he majority of cases seem to agree that service under Rule 45 of the Federal Rules of Civil Procedure must be done in person***." *Id.* at 356 (emphasis added). In that case, the two subjects of the subpoenas did not contest having received them at their home and by mail, merely contending that they did not receive them personally; a process server, though, offered evidence that someone inside the home (whom he could describe in detail) had indeed accepted the subpoenas.

- *Western Resources, Inc. v. Union Pacific R.R. Co.*, Case No. 00-2043-CM, 2002 WL 1822432 (D. Kan. 2002), approved service by FedEx. The Court excused the fact

5

that the FedEx was not signed for because the subject of the subpoena "previously had executed a signature release waiver, which means any signature requirement is waived in order for signature in order to accomplish delivery." *Id.* at *1. There is no such waiver in the present case, and again—*Western Resources*—was a case where actual receipt was not disputed, unlike here.

- *Bland v. Fairfax Cnty.*, 275 F.R.D. 466 (E.D. Va. 2011), involved the defendant attempting to quash trial subpoenas issued to several of its employees. Yet, again, while the court acknowledged it was departing from the majority rule, it said personal service was not required, "*at least in a case such as this one*, where witnesses agreed to testify, **actually received** the at-issue subpoenas in advance of trial . . . ." *Id.* at 471 (emphasis added).

- *Doe v. Hersemann*, 155 F.R.D. 630 (N.D. Ind. 1994), likewise acknowledges the majority rule of personal service, but excused it in that particular case because the subpoenaed individual did "not contend that the service here failed to effect delivery to her of the subpoena." *Id.* at 630. Once more, this is dissimilar to the present case.

These cases not only repeatedly underscore that ***personal service is the majority rule***, but they also permit a limited departure from the majority rule ***only*** when there is assurance that the person subpoenaed in the specific case at hand ultimately received the subpoena through the method of service employed—such actual receipt of the mailed subpoena did not occur here.

Plaintiffs offer no Fourth Circuit decisions or decisions of the Middle District of North Carolina (or the Eastern or Western Districts) departing from the majority rule of personal service under Rule 45, and undersigned counsel's research has likewise found no such case.[3] Indeed, several federal Courts of Appeals have confirmed the need for personal service of a subpoena. *See, e.g., In re Dennis (Robertson v. Dennis)*, 330 F.3d 696, 704 (5th Cir.2003) ("proper service requires . . . personal delivery of the subpoena"); *Chima v. United States Dep't of Defense*, 23 F. App'x 721, 724 (9th Cir. 2001) (affirming District Court's quashing of subpoenas that were purportedly served by mail rather than personally). As the D.C. Circuit has emphatically said, "***Federal Rule 45(c), governing subpoena service, does not permit any form of mail service, nor does it allow service of the subpoena merely by delivery to a witness' dwellingplace***. Thus, under the Federal Rules, compulsory process may be served upon an unwilling witness only in person." *FTC v. Compagnie De Saint-Gobain-Pont-a-Mousson*, 636 F.2d 1300, 1312-13 (D.C. Cir. 1980) (emphasis added); *see SiteLock, LLC v. GoDaddy.com, LLC*, 338 F.R.D. 146, 153-154 (D. Or. 2021) (noting that, because Rule 45 is concerned with more than the mere notice required by Rule 4, reliance on methods permissible under Rule 4 to serve a subpoena is improper).

---

[3] Plaintiffs cite to the unpublished case of *N.L.R.B. v. Baker*, 166 F.3d 333, 1998 WL 827373 (4th Cir. 1998) (Table), but it concerns subpoenas whose service by certified mail was expressly authorized by the National Labor Relations Act and the NLRB's regulations. 1998 WL 827373 at *4. It does not address service under Rule 45 of the Federal Rules of Civil Procedure—and, what is more, Mrs. Mitchell has denied to Plaintiffs' counsel that she signed for or received the certified mail on which Plaintiffs' base their arguments.

Respectfully, it would be improper to break new ground and approve certified mail as proper service under Rule 45 when the Fourth Circuit has very recently recognized that personal service is undoubtedly the majority rule. *See In re Newbrook Shipping Corp.*, 31 F.4th 889, 897 (4th Cir. 2022). It would be especially improper in the present case since the authorities cited by Plaintiffs all involve actual receipt of the subpoena, where here the subject of the subpoena affirmatively denies having signed for the mailing at issue *and* denies receiving it by certified mail. To deem Mrs. Mitchell to have been served on January 2, as Plaintiffs ask, would expand the limits of Rule 45 beyond what even the authorities they have cited would allow.

Accordingly, the Court should deny Plaintiffs' request to have Mrs. Mitchell deemed served by the certified mail that she never actually received or signed for.

## II. PLAINTIFFS SHOULD NOT BE PERMITTED TO SERVE THEIR SUBPOENAS BY ALTERNATIVE MEANS.

In an apparent realization that they have not in fact served Mrs. Mitchell, Plaintiffs also ask for authorization to serve her and the registered agent of NCEIT (James Womack) via email. This request, too, should be rejected.

### A. The Court Lacks Subject Matter Jurisdiction Because the Case is Moot and the Plaintiffs Lack Standing.

The most basic requirement for a valid subpoena is jurisdiction. *See, e.g., United States v. Morton Salt Co.*, 338 U.S. 632, 642 (1950) ("The judicial subpoena power not only is subject to specific constitutional limitations, . . . but also is subject to those limitations inherent in the body that issues them because of the provisions of the Judiciary Article of

the Constitution."). "Article III of the Constitution limits the federal courts' subpoena power to cases where a federal court has subject-matter jurisdiction over the underlying action . . . ." *Houston Bus. Journal, Inc. v. Office of the Comptroller of the Currency*, 86 F.3d 1208, 1213 (D.C. Cir. 1996). "The subpoena power of a court cannot be more extensive than its jurisdiction . . . If a district court does not have subject-matter jurisdiction over the underlying action, and the process was not issued in aid of determining that jurisdiction, then the process is void." *U.S. Catholic Conf. v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76 (1988); *accord McCook Metals LLC v. Alcoa, Inc.*, 249 F.3d 330, 334 (4th Cir. 2001) ("Rules 37 and 45 do not confer subject matter jurisdiction upon the courts.").

Here, because there is no longer a live case or controversy, there is no subject matter jurisdiction, making the subpoena invalid and unenforceable. On January 21, 2024, U.S. District Judge Schroeder issued his Memorandum Order on the motions for preliminary injunction in *Voto Latino et al. v. Hirsh et al.*, Case No. 1:23-cv-00861-TDS-JEP (D.E. #68), and *Democratic National Committee et al. v. North Carolina State Board of Elections et al.*, Case No. 1:23-cv-862 (D.E. #68). In its Order, the Court granted relief to address the possibility that same day registrants would have their votes invalidated erroneously. Thus, it enjoined the State "from utilizing the procedures of N.C. Gen. Stat. § 163-82.6B(d) to remove from the official count the votes of the ballot of any voter who has provided contact information in the registration process and whose first notice required under N.C. Gen. Stat. § 163-82.7(c) is returned by the Postal Service as undeliverable before the close of business on the business day before the canvass, without first providing such voter notice and an

9

opportunity to be heard[.]" (*Voto Latino*, D.E. #68 at pp 93-94; *Democratic National Committee*, D.E. #68 at pp 93-94). *See* 2024 WL 230931, at *31.

Soon after issuance of the injunction, State Legislative leaders signaled their intent to comply with the Court's order by making necessary changes in the law. *See, e.g.,* Press Release, Statement from Speaker Moore and Elections Chair Grey Mills Following SB 747 Injunction, Jan. 22, 2024, *available at* https://speakermoore.com/statement-speaker-moore-elections-chair-rep-grey-mills-following-sb-747-injunction/ (last visited Feb. 19, 2024) ("The court order requires relatively minor changes to one small part of the bill, and we are working with our attorneys and the State Board of Elections to ensure that the entire bill is in effect before the primary and general elections this year.").

And, on January 29, the State Board of Elections issued a formal update to its regulation (a "numbered memo") to implement the Court's injunction. Under the procedures outlined in Section 4 of *Numbered Memo 2023-05, Same-Day Registration* (updated Jan. 29, 2024), new procedures were promulgated to ensure the due process the Court's injunction mandated. (D.E. #53: Notice of Agency Action.)

While the plaintiffs in the other two actions sought additional relief, which was denied in the Court's preliminary injunction order, the relief sought by Plaintiffs in this case is much narrower and is addressed directly by Judge Schroeder's ruling. Plaintiffs' complaint seeks injunctive and declaratory relief *only* related to Section 10(a) of Senate Bill 747, codified at N.C. Gen. Stat. § 163-82.6B. (D.E. #1: Compl. at pp 41-42.) Section 10(a) covers same day registration and the circumstances under which a ballot cast by a same day

registrant might not be counted. That provision of law has now been enjoined by this Court, and new procedures to implement the Court's injunction have been promulgated by elections officials with the apparent cooperation from legislative officials.

"That federal courts' jurisdiction is limited to actual cases or controversies is a 'bedrock' principle fundamental to our judiciary's role in our system of government." *John and Jane Parents 1 v. Montgomery Cnty. Bd. of Educ.*, 78 F.4th 622, 628 (4th Cir. 2023) (citing *Raines v. Byrd*, 521 U.S. 811, 818 (1997)). Use of the terms "cases" and "controversies" is necessarily understood to "mean cases and controversies of the sort traditionally amenable to, and resolved by, the judicial process. Such a meaning is fairly implied by the text, since otherwise the purported restriction upon the judicial power would scarcely be a restriction at all." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 102 (1998) (internal citation omitted).

To the extent that Plaintiffs may have previously had standing under Article III to even file this suit (a point that is not conceded), they no longer allege a constitutionally sufficient injury to satisfy the requirements of standing for any further relief. *See, e.g., Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

Therefore, it is respectfully submitted that the Court need not and should not authorize service of subpoenas in a now-moot case.[4]

---

[4] Even if the Court finds that the case is not now entirely moot, it is highly dubious that the two subpoenas Plaintiffs seek to serve would be relevant to any questions legitimately remaining before the Court (*e.g.*, the precise means for memorializing the Court's order and the new regulations or any recovery of attorneys' fees). Plaintiffs should not be

### B. The Motion Should be Denied Because Fourth Circuit Precedent Has Never Approved of Service of a Subpoena by Email.

Expressing apparent reservations about departures from the majority rule, which requires personal service of subpoenas issued under Rule 45, the Fourth Circuit recently wrote:

> Some courts have ventured beyond that required by the Rules to permit service by any means that provides actual notice. Doing so, they have reasoned, conserves resources that would be wasted if compliance with the Rules was required. And we do not doubt that broader means of service would save resources—***though perhaps imposing other costs***. But regardless of its wisdom, Rule 45 requires that the subpoena be served by "delivering a copy to the named person." ***Actual notice with no delivery to the named person fails to satisfy the Rule's demands.***

*In re Newbrook Shipping Corp.*, 31 F.4th at 897 (internal citations omitted) (emphasis added). In a footnote, the Court of Appeals continued by recognizing the split in authority, but it went on to say that "[t]he predominant view appears to be that the delivery must be directly delivered by a process server personally (often referred to as "personal service")." *Id.* at 897 n.9 (citing Charles A. Wright & Arthur A. Miller, 9A *Federal Practice and Procedure* § 2454 (3d ed. 2021)). Ultimately, though, because "certified mail was not used" in *Newbrook,* the Court held that it need "not delve into whether delivery methods such as certified mail to a corporate agent would suffice." *Id.*

---

permitted a discovery fishing expedition against non-parties, including causing them to incur the expense of complying with burdensome subpoenas when the results of the subpoena would have no bearing on the remaining issues.

Here, this Court should adhere to the majority rule, especially since the Fourth Circuit has pointedly reserved the question for another day and even noted that there are competing concerns militating against the more liberal service provisions urged by Plaintiffs in this case. Plaintiffs are faced with nothing more than the ordinary issues parties encounter in trying to serve busy individuals (particularly during the Christmas holidays), who are frequently away from their homes.[5] They should not be granted special treatment and relieved of compliance with the Federal Rules of Civil Procedure that govern every other federal litigant.

## CONCLUSION

WHEREFORE, non-parties Cleta Mitchell and NCEIT respectfully ask that Plaintiffs' motion be denied and for such other and further relief as the Court may deem appropriate not inconsistent with these two non-parties' limited appearance.

[*Signature appears on following page.*]

---

[5] Counsel also notes that the mother-in-law of NCEIT's registered agent recently passed away after a period of illness, which has obviously caused him to be occupied with an array of family affairs. *See* Obituary: Tivis Marie "DeShazo" Smith: Oct. 23, 1941 – Jan. 28, 2024, https://www.echovita.com/us/obituaries/nc/madison/tivis-marie-smith-17584427 (last visited Feb. 19, 2024).

Respectfully submitted, this 19th day of February, 2024.

/s/B. Tyler Brooks
B. Tyler Brooks (N.C. Bar. No. 37604)
Attorney for Non-Parties
Cleta Mitchell and NCEIT
LAW OFFICE OF B. TYLER BROOKS, PLLC
P.O. Box 10767
Greensboro, NC 27404
Telephone: (336) 707-8855
Fax: (336) 900-6535
Email: btb@btylerbrookslawyer.com

*Counsel for Non-Parties for*
*Cleta Mitchell and NCEIT*

# CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.3(d), I hereby certify that this brief contains 3,476 words, as counted by the word count feature of Microsoft word, and thereby complies with the word limits of this Court's Local Rules.

Date: <u>February 19, 2024</u>     /s/B. Tyler Brooks
B. Tyler Brooks
N.C. Bar No. 37604

*Counsel for Non-Parties for*
*Cleta Mitchell and NCEIT*

# CERTIFICATE OF SERVICE

It is hereby certified that the foregoing document was this February 19, 2024, served by means of the Court's CM/ECF system on counsel of record for the parties.

Date:  February 19, 2024                /s/B. Tyler Brooks
                                        B. Tyler Brooks
                                        N.C. Bar No. 37604

                                        *Counsel for Non-Parties for*
                                        *Cleta Mitchell and NCEIT*

**SERVED:**

Michael Dockterman, Esq.
Jamie Witte, Esq.
Maria O'Keeffe, Esq.
Geneva Ramirez, Esq.
STEPTOE LLP
227 West Monroe St., Suite 4700
Chicago, Illinois 60606
mdockterman@steptoe.com
jwitte@steptoe.com
gramirez@steptoe.com
mokeeffe@steptoe.com

Jeffrey Loperfido, Esq.
Christopher Shenton, Esq.
Katelin Kaiser, Esq.
Hilary H. Klein, Esq.
Mitchell D. Brown, Esq.
Lily A. Talerman, Esq.
SOUTHERN COALITION FOR SOCIAL JUSTICE
5517 Durham-Chapel Hill Blvd.
Durham, North Carolina 27707
jeffloperfido@scsj.org
chrisshenton@scsj.org
katelin@scsj.org
hilaryhklein@scsj.org
mitchellbrown@scsj.org

lily@scsj.org

*Counsel for Plaintiffs*

Terence Steed, Esq.
Mary Carla Babb, Esq.
NORTH CAROLINA DEPARTMENT OF JUSTICE
P.O. Box 629
Raleigh, North Carolina 27602
tsteed@ncdoj.gov
mcbabb@ncdoj.gov

*Counsel for State Board Defendants*

Thomas A. Farr, Esq.
Phillip Strach, Esq.
Alyssa M. Riggins, Esq.
Alexandra M. Bradley, Esq.
Cassie A. Holt, Esq.
NELSON MULLINS RILEY & SCARBOROUGH LLP
301 Hillsborough St., Suite 1400
Raleigh, North Carolina 27603
tom.farr@nelsonmullins.com
phil.strach@nelsonmullins.com
alyssa.riggins@nelsonmullins.com
alex.bradley@nelsonmullins.com
cassie.holt@nelsonmullins.com

*Counsel for Legislative Intervenor Defendants*