IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

Case No. 1:23-cv-00878-TDS-JEP

| | |
|---|---|
| DEMOCRACY NORTH CAROLINA; NORTH CAROLINA BLACK ALLIANCE; LEAGUE OF WOMEN VOTERS OF NORTH CAROLINA,<br><br>*Plaintiffs,*<br><br>vs.<br><br>ALAN HIRSCH, in his official capacity as CHAIR OF THE STATE BOARD OF ELECTIONS, *et al.*,<br><br>*Defendants.* | **SECOND CONSENT MOTION TO EXTEND DEADLINES** |

Plaintiffs Democracy North Carolina, North Carolina Black Alliance, and League of Women Voters of North Carolina (together, "Plaintiffs") respectfully submit this Second Consent Motion to Extend Deadlines as laid out herein.

In support of this Consent Motion, Plaintiffs state the following:

1. On October 17, 2023, Plaintiffs filed their Complaint in this matter, challenging the amendments to North Carolina's same-day registration law made by Senate Bill 747. Dkt. 1.

2. Discovery commenced on November 21, 2023. See Dkt. 37 at 3; Text Order 11/21/23. The parties have been diligently engaged in multiple rounds of written discovery since that date, and they continue to actively engage in discovery efforts as of the time of this filing, as detailed further below.

3. On December 12, 2023, the Court approved the parties' Joint Rule 26(f) Report, noting that the May 17, 2024, deadline for the close of discovery "may not be altered by agreement of the parties absent a Court Order." Dkt. 44 at 1.

4. On January 21, 2024, the Court granted a Preliminary Injunction in two related cases, *Voto Latino, et al. v. Hirsch, et al.*, No. 1:23-cv-00861, and *Democratic National Committee, et al. v. North Carolina State Board of Elections, et al.*, No. 1:23-cv-862. The Court's Preliminary Injunction enjoined Defendants from disqualifying any ballot under S.B. 747's same-day registration provisions without first providing any such voter notice and an opportunity to be heard. *See Voto Latino* Dkt. No. 68 at 93-94.

5. On March 14, 2024, Plaintiffs filed a Consent Motion for Extension of Time to Complete Discovery, citing "unforeseen constraints on State Board staff, the need to

successfully run and administer North Carolina's statewide primary election, and the work required to generate and furnish the data," that caused an unanticipated delay in the disclosure of voter data to the parties from late January 2024 until March 8, 2024. Dkt. 62 at 2. As detailed in that motion, this data was necessary for the parties' experts to examine the impacts of the challenged provisions of S.B. 747, "including how many voters would be unable to vote under its provisions as compared to the previous same-day registration scheme." *Id*.

6. On April 2, the Court denied Defendants' motions to dismiss, Dkt. 63, and two days later, on April 4, the Court granted the extension motion for good cause shown, which moved trial to the September 2024 Civil Trial Calendar, and modified the Parties' Joint Rule 26(f) Report accordingly. Dkt. 69 at 2; Dkt. 70.

7. Further delays in data production and witness availability occurred as the parties continued to litigate their claims and pursue discovery. *See* Dkt. 81 at 6-8 (detailing various discovery delays that arose in April and May 2024). In light of the delays and the parties' varying views as to the proper way forward at this juncture of the case, the Court held a hearing on May 30, 2024. Dkt. 92 at 1. At that hearing, the Court ordered a modification to the schedule allowing for limited discovery to continue in 2024 and otherwise delaying discovery for the case to January 1, 2025. *Id.* at 2-3 (laying out modified schedule with trial to occur in "late summer of 2025"). This allowed the parties to consider and incorporate evidence from the 2024 general election into the record.

8. The parties completed the limited discovery provided for in 2024. The depositions of Senator Warren Daniel and Representative Grey Mills, both sponsors of the

challenge legislation, occurred on September 11, 2024 and September 13, 2024, respectively. After resolving Plaintiffs' outstanding service motion, Dkt. 93-1, the depositions of North Carolina Election Integrity Team and Cleta Mitchell occurred on September 19, 2024 and September 25, 2024 respectively.

9. In preparation for the reopening of discovery on January 1, 2025, Plaintiffs served supplemental discovery requests on November 8, 2024. These requests sought updated data and information concerning the implementation of the law in the 2024 general election, and were served in advance of the discovery period reopening, along with an offer to meet and confer if anything was unclear or needed clarification, in order to facilitate production as early as practicable in the discovery period, as contemplated by the June 11, 2024 Scheduling Order. Dkt. 92 at 2 (noting that the "State Board Defendants anticipate gathering data prior to January 1, 2025 to the extent reasonably possible, so that their information can be provided as soon as possible after January 1, 2025"). Also on November 8, 2024, Plaintiffs served a Notice of 30(b)(6) Deposition for the State Board Defendants, noticing the deposition for January 14, 2025 in order to obtain testimony from the State Board's representative(s) well in advance of the January 29, 2025 deadline for opening expert reports that would rely on State Board data. *See* Dkt. 92 at 2. Legislative Defendants served updated discovery requests on January 2, 2025.

10. Despite the diligence of all parties, the necessary election data was again delayed due to factors beyond the scope of this case. The State Board Defendants, along with their counsel, have handled a variety of emergency litigation matters related to the November 2024 general election, including election protests and litigation arising

3

therefrom that continues to this date. Those matters include, but are not limited to, *Griffin v. N.C. State Board of Elections*, No. 320P24 (N.C.); *Griffin v. N.C. State Board of Elections*, Nos. 5:24-cv-00724 (E.D.N.C.), and 25-1018, -1019, -1024 (4th Cir.); *Griffin v. N.C. State Board of Elections*, Nos. 5:24-cv-00731 (E.D.N.C.) and 25-1020 (4th Cir.); *Kivett, et al., v. N.C. State Board of Elections*, Nos. 24CV041789 (Wake Co. Sup. Ct.), 5:24-cv-00003 (E.D.N.C.), and 25-1021 (4th Cir.); and *Holland v. N.C. State Board of Elections*, No. 24CV041543 (Wake Co. Sup. Ct.).

11. These matters, in addition to requiring emergency briefing with extremely tight turnarounds from counsel for the State Board Defendants, have also involved significant and complicated work for State Board staff. The complex and fast-moving nature of these election protests, implicating a variety of election law statutes and constitutional provisions, the ballots of tens of thousands of North Carolinians, and the outcome of a statewide election, has left little time for State Board staff to prepare responses to the parties' discovery requests or to prepare witnesses for a 30(b)(6) deposition. On January 9, 2025, counsel for State Board Defendants notified the parties by email that in light of the ongoing litigation from the 2024 election, they were unable to provide a timeline for updated productions in this matter, and that they could not guarantee they would have time to prepare a State Board representative for the 30(b)(6) deposition on January 14, 2025.

12. The parties conferred via email during the week of January 13, 2025. All parties agreed that these delays would delay opening expert reports beyond the current deadline of January 29, 2025 and discussed the possibility of an extension to the schedule,

the result of which is the instant Motion. On Friday, January 17, 2025, counsel for the State Board shared preliminary estimates that they would be able to respond to all of the outstanding discovery requests by the first week of February 2025, with availability for a 30(b)(6) deposition shortly after all productions were complete.

13. The parties met and conferred again via Zoom on Friday, January 17, 2025. In light of the need to ensure both Plaintiffs' and Legislative Defendants' experts have enough time to prepare their expert reports using the updated 2024 general election data, all parties agreed that a short extension to allow for production of the necessary State Board data and information was well-suited to the needs of the case.

14. Lastly, counsel for both the Legislative Defendants and State Board Defendants are scheduled to commence a one-week trial in *Pierce, et al. v. N.C. State Board of Elections*, 4:23-cv-00193-D-RN (E.D.N.C.) in February 2025.

15. In light of the above, in accordance with Local Rule 6.1(a) and Local Rule 26.1(d), and for good cause shown, Plaintiffs respectfully request that the Court modify the deadlines laid out in the ordered Joint 26(f) Report (Dkt. 43), which were further modified by the Scheduling Orders of April 4, 2024 (Dkt. 69) and June 11, 2024 (Dkt. 92), as follows:

    a. The deadline for opening expert reports is March 5, 2025.

    b. The deadline for rebuttal expert reports is April 2, 2025.

    c. The close of all discovery (fact and expert) is April 23, 2025.

    d. Summary judgment opening briefs shall be due 14 days from the close of discovery (May 7, 2025).

5

Case 1:23-cv-00878-TDS-JEP    Document 105    Filed 01/22/25    Page 6 of 10

e. Summary judgment response briefs, if any, shall be due May 28, 2025.

f. Summary judgment reply briefs, if any, shall be due June 9, 2025.

a. Trial is requested for as soon as practicable after September 15, 2025.

16. The parties have conferred about the need for and specifics of the extension requested below, and both the State Board Defendants and Legislative Defendants consent.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court grant their Consent Motion.

Dated: January 22, 2025                    Respectfully Submitted,

*/s/ Jeffrey Loperfido*

Jeffrey Loperfido (State Bar #52939)
Christopher Shenton (State Bar #60442)
Hilary H. Klein (State Bar #53711)
Mitchell D. Brown (State Bar #56122)
Lily A. Talerman (State Bar #61131)
SOUTHERN COALITION FOR SOCIAL JUSTICE
PO Box 51280
Durham, NC 27717
Telephone: 919-794-4213
Facsimile: 919-908-1525
jeffloperfido@scsj.org
chrisshenton@scsj.org
hilaryhklein@scsj.org
mitchellbrown@scsj.org
lily@scsj.org

Michael Dockterman
Jamie Witte
STEPTOE & JOHNSON LLP
227 West Monroe Street, Suite 4700
Chicago, IL 60606
Telephone: (312) 577-1300
mdockterman@steptoe.com
jwtitte@steptoe.com

*Counsel for Plaintiffs*

7

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.3(d), I hereby certify that this brief contains 1,495 words as counted by the word count feature of Microsoft Word.

*/s/ Jeffrey Loperfido*
Jeffrey Loperfido (State Bar #52939)

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all parties of record.

*/s/ Jeffrey Loperfido*
Jeffrey Loperfido (State Bar #52939)

9