# Exhibit K

```
                UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
                 CASE NO. 1:23CV00878-TDS-JEP


                                      )
DEMOCRACY NORTH CAROLINA;             )
NORTH CAROLINA BLACK ALLIANCE;        )
LEAGUE OF WOMEN VOTERS OF             )
NORTH CAROLINA,                       )
                                      )
                  Plaintiffs,         )
v.                                    )
                                      )
ALAN HIRSCH, in his official          )
capacity as CHAIR OF THE STATE        )
BOARD OF ELECTIONS; JEFF CARMON III,)
in his official capacity as           )
SECRETARY OF THE STATE BOARD OF       )
ELECTIONS; STACY EGGERS IV, in his    )
official capacity as MEMBER OF THE    )
STATE BOARD OF ELECTIONS; SIOBHAN     )
O'DUFFY MILLEN, in her official       )
capacity as MEMBER OF THE STATE       )
BOARD OF ELECTIONS; KAREN BRINSON     )
BELL, in her official capacity as     )
EXECUTIVE DIRECTOR OF THE STATE       )
BOARD OF ELECTIONS; NORTH CAROLINA    )
STATE BOARD OF ELECTIONS,             )
                                      )
                  Defendants.         )
                                      )


                      DEPOSITION
                         OF
                   ANDREW JOHN TAYLOR


        On Friday, March 28, 2025, commencing at
10:03 a.m., the deposition of ANDREW JOHN TAYLOR,
was taken on behalf of the Plaintiffs at Nelson
Mullins, 301 Hillsborough St., Suite 1400, Raleigh,
North Carolina 27603, pursuant to Rules 26 and 30
of the Federal Rules of Civil Procedure, before
Cynthia S. Boyd, RPR, and Notary Public in and for
the State of North Carolina.
```

1

```
 1                    A P P E A R A N C E S
 2    For the Plaintiffs:
 3            SOUTHERN COALITION FOR SOCIAL JUSTICE
              BY:  JEFF LOPERFIDO, ESQ.
 4                 RACHEL ALLORE, ESQ.
                   CHRIS SHENTON, ESQ. (Via Zoom)
 5                 LILY A. TALERMAN, ESQ. (Via Zoom)
                   HELENA ABBOTT, Esq. (Via Zoom)
 6            5517 Durham-Chapel Hill Blvd.
              Durham, North Carolina 27707
 7            919.794.4213
              jeffloperfido@scsj.org
 8            rachel@scsj.org
              chrisshenton@scsj.org
 9            lily@scsj.org
10            STEPTOE, LLP
              BY:  KRISTEN HENDRIKSEN, ESQ. (Via Zoom)
11            227 West Monroe Street, Suite 4700
              Chicago, IL 60606
12            312.577.1216
              khendriksen@steptoe.com
13
      For the Defendants:
14
              NELSON MULLINS RILEY & SCARBOROUGH, LLP
15            BY:  ALYSSA M. RIGGINS, ESQ.
                   CASSIE A. HOLT, ESQ.
16            301 Hillsborough Street, Suite 1400
              Raleigh, North Carolina 27603
17            919.329.3810
              alyssa.riggins@nelsonmullins.com
18            cassie.holt@nelsonmullins.com
19    For the State Board of Elections:
20            NORTH CAROLINA DEPARTMENT OF JUSTICE
              By:  TERENCE STEED, ESQ. (Via Zoom)
21            SPECIAL DEPUTY ATTORNEY GENERAL
              919.716.6911
22            tsteed@ncdoj.gov
23
24
25
                                                                 2
```

1           MR. LOPERFIDO:  Good with everybody if
2      we take a quick break?
3           (Recess taken.)
4   BY MR. LOPERFIDO:
5      Q.   Welcome back, everybody.  As I noted
6   before the break, we're going to dive into section
7   III, which is "Response to, 'Young People
8   Constitute a Clearly Identifiable Class of Voter'."
9           Dr. Taylor, correct me if I don't get this
10  quite right but it seems to be you're making two
11  primary points in this section; the first being
12  that there is no non arbitrary way to define young
13  voters and, No. 2, that young voters, however you
14  define them, don't have a distinct identity.  Is
15  that a fair characterization?
16     A.   Yes.
17     Q.   Okay.  I'm going to talk about each in
18  turn.  As to the first one, you're not offering an
19  opinion on what the correct age range is for young
20  voters, right?
21     A.   Only to the extent that I think 18 is the
22  bottom, I think most people would agree, is the
23  bottom or the minimum of that category.  But, yes,
24  that's correct.
25     Q.   And that's because that is the age

48

1    necessary to vote in the United States?
2            A.    Correct.
3            Q.    And North Carolina?
4            A.    Correct.
5            Q.    Do you have an opinion on what the upper
6    range should be to properly capture young voters?
7            A.    No.
8            Q.    And we just answered this but you agree
9    that the age range identified by plaintiffs are an
10   age range of individuals eligible to vote in North
11   Carolina elections?
12           A.    Yes.
13           Q.    Now, on page 5 of your report, you
14   identify commercial surveys, academic researchers,
15   and other sources that have talked about the issue
16   of young voters and used different age ranges.  Is
17   that a fair summary?
18           A.    Yes.
19           Q.    None of these resources cited
20   unequivocally state that 18- to 25-year-olds are
21   not young voters, right?
22           A.    Correct.
23           Q.    Several of them identify an 18 to 29
24   range?
25           A.    Yes.

49

 1         Q.    And you would agree that plaintiffs' 18 to
 2   25 range is encompassed in that range?
 3         A.    Yes.
 4         Q.    Do you know that the census breaks down
 5   data by 18 to 24?
 6         A.    Yes.
 7         Q.    And that covers nearly the entirety of
 8   plaintiffs' range as well?
 9         A.    Yes.
10         Q.    I'm going to butcher these names but the
11   academic researchers Holbein, H-o-l-b-e-i-n, and
12   Hillygus --
13         A.    Holbein and Hillygus.
14         Q.    H-i-l-l-y-g-u-s.  They define young voters
15   at 18 to 29, right?
16         A.    Yes.
17         Q.    You note that there.  Would you say that
18   stopping at 29 is an arbitrary decision by them?
19         A.    Yes.
20         Q.    Is there an upper range that you could
21   provide as non arbitrary?
22         A.    As non arbitrary?  No.
23         Q.    Is a 40-year-old a young voter?
24         A.    Getting towards the end that I think you
25   could reasonably claim they were a young voter.

                                                              50

1      Q.   Yeah.   Where do we start hitting the point
2  in the age ranges where you can -- strike that.
3  Let me ask that a different way.
4      A.   If you are interested in having or doing
5  an analysis where -- of voting behavior by age and
6  you wanted relatively even sized groups hereby in
7  terms of population, I think if you -- well,
8  depending on how many groups you wanted, I suppose.
9  But two groups is just too blunt of an instrument.
10 Maybe you want at least three or four.  You know,
11 if you go to 40 and you want four relatively
12 comparably sized groups of voters, I think you're
13 going probably a bit too far.  But, again, it
14 depends on the type of analysis you want to do.
15     Q.   Are you aware that the North Carolina
16 State Board of Elections' election and registration
17 data categorizes people into four age groups with
18 the youngest being 18 to 25?
19     A.   Not off the top of my head but, yes, I'll
20 take your word for it.
21     Q.   Does that change your view at all on
22 whether 18 to 25 is an arbitrary designation?
23     A.   No.
24     Q.   And you're not saying that 18- to
25 25-year-old voters are not young voters?

51

1    A.   No.  I'm not saying that.
2    Q.   And what I was trying to ask before and
3 didn't quite get it out, is there a line that you
4 would point to between a young voter and someone
5 who is not a young voter?
6    A.   I think we just -- no.  There isn't a
7 clear line.  But obviously the older you get, the
8 stronger the argument you need to make to include a
9 person of that age in the category of young voter.
10   Q.   Does life expectancy matter to figuring
11 out where that line is?
12   A.   No.  I don't think so.  You would think in
13 terms of other metrics to categorize your voter
14 such as perhaps health, in addition to age.
15   Q.   If someone were trying to assess voting
16 patterns for all voters, would they have the same
17 challenge in terms of arbitrariness or do you see
18 that differently?
19   A.   No, they would.  In fact, they would have
20 a problem with the upper end as well as the lower
21 end.  Whereas we don't really have the challenge
22 with the lower end when we're categorizing young
23 voters.  The only thing I would say about that when
24 you asked me about the age 18 to 25, I agree you
25 could make a strong argument that they are young

52

1  voters even though, as I've said, this is very
2  arbitrary.  The one thing I do write in the report
3  is -- and this is not synonymous.  But certainly
4  sometimes I think people consider when they say
5  young voters, they're really talking about maybe
6  first-time voters.  Of course you could be pretty
7  old and a first-time voter.  And if you do vote
8  habitually, you're really in your first election by
9  the time you're 21, 22, if we're just using
10 presidential races, and that might be a way to do
11 it.  But of course that would be lower than the 25
12 bar.  It would be 18s to 21s or 18s to 22s.
13      Q.    Would you dispute that evidence relating
14 to the experience of 18- to 25-year-olds is
15 evidence relating to young voters?
16      A.    If the experience has to do with voting
17 specifically, then I think you can make a case that
18 this is an experience that -- if you're between 18
19 to 25 and it has to do with you voting, I think you
20 can make a very strong case this has something to
21 do with a young voter, yes.
22      Q.    And if a law discriminates against a
23 subset of young voters, however defined, but not
24 all of them, would it be incorrect to say that the
25 law discriminates against young voters?

                                                    53