IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
DEMOCRACY NORTH CAROLINA, et al.,  )
                                    )
              Plaintiffs,           )
                                    )
       v.                           )         1:23CV878
                                    )
ALAN HIRSCH, in his official        )
capacity as CHAIR OF THE STATE      )
BOARD OF ELECTIONS, et al.,         )
                                    )
              Defendants.           )
```

### ORDER

This case came before the court on several dispositive motions. Intervenor-Defendants Philip E. Berger, in his official capacity as President Pro Tempore of the North Carolina Senate, and Destin C. Hall, in his official capacity as Speaker of the North Carolina House of Representatives (collectively, the "Legislative Defendants"), have filed a motion to dismiss or, in the alternative, to reconsider the court's prior ruling on their motion to dismiss. (Doc. 125.) Defendants Alan Hirsch, Jeff Carmon III, Stacy Eggers, IV, Kevin Lewis, Siobhan O'Duffy Millen and Karen Brinson Bell, in their official capacity (collectively, the "State Board Defendants") have filed a response supporting Legislative Defendants' motion to dismiss. (Doc. 135.) Plaintiffs Democracy North Carolina, North Carolina Black Alliance, and League of Women Voters of North Carolina have responded in

opposition to Legislative Defendants' motion (Doc. 137), and Legislative Defendants have filed a reply. (Doc. 141.)

Legislative Defendants also moved for summary judgment. (Doc. 119.) State Board Defendants have also moved for summary judgment, relying on the memorandum of law submitted by Legislative Defendants. (Doc. 121.) Plaintiffs filed a response opposing Defendants' motions (Doc. 124), to which the Legislative Defendants have replied. (Doc. 129.) The court held a hearing on the motions on July 15, 2025. For the reasons set forth below, Defendants' motions will be denied.

I. ANALYSIS

   A. Motion to Dismiss

Defendants' motion to dismiss argues that the consent judgment entered in related cases, Voto Latino v. Hirsch, case no 1:23-cv-861 (Doc. 101), and Democratic National Committee v. Hirsch, 1:23-cv-862, (Doc. 98), renders this case moot. Plaintiffs contend otherwise, noting that the relief they seek in Counts Two and Three exceeds that which was granted in the consent judgment.

A case remains a live controversy wherever the plaintiff possesses a "concrete interest, however small, in the outcome of the litigation." Ellis v. Railway Clerks, 466 U.S. 435, 442 (1984) (citing Powell v. McCormack, 395 U.S. 486, 496–98 (1969)). At the most basic level, Plaintiffs seek a return to the same-day

2

registration scheme that predated Senate Bill 747 ("SB 747"), which required, among other things, that a same-day registrant's vote not be discarded unless the U.S. Postal Service returned as undeliverable a second mailing addressed to the registrant before the canvass deadline. The complaint in this case raises three claims for relief. Plaintiffs concede that Count One of their complaint alleging due process violations under SB 747 is mooted by the consent judgment. However, if Plaintiffs prevail on either Count Two of their complaint (that SB 747 unduly burdens the right to vote) or Count Three (that SB 747 violates Plaintiffs' Twenty-Sixth Amendment rights), it is conceivable that Plaintiffs could obtain relief beyond the notice and cure process prescribed by the consent judgment. For example, Plaintiffs claim that SB 747 was enacted for an invidiously discriminatory purpose, entitling them to an injunction prohibiting enforcement of each challenged portion of the law. See N.C. State Conference of the NAACP v. McCrory, 831 F.3d 204, 239-40 (4th Cir. 2016). Because Plaintiffs retain a stake in the outcome of this litigation notwithstanding the consent judgment, the case is not moot.

    B.    **Motions for Summary Judgment**

Defendants' motions for summary judgment contend that Plaintiffs lack standing to pursue their claims and that the Defendants are entitled to judgment as a matter of law. (Doc. 119.) Plaintiffs contend that they have demonstrated

3

organizational standing and that there are disputes of material fact as to their two remaining claims for relief. (Doc. 124.)

Plaintiffs need only demonstrate standing as to one Plaintiff to seek the relief requested in the complaint. Carolina Youth Action Project v. Wilson, 60 F.4th 770, 778 (4th Cir. 2023) (citations omitted). Here, Democracy North Carolina has provided evidence that its core organizational purposes are "increasing voter access and participation" and "increas[ing] voter registration and civic participation within [North Carolina]." (Doc. 1 ¶ 14 (first quotation); Doc. 124 at 16 (second quotation).) It has also provided evidence that the challenged provisions of SB 747 have required it to spend additional time and money to register and educate would-be voters. The Fourth Circuit has clarified that organizations with related missions who suffer similar harm possess standing even after the Supreme Court's decision in FDA v. Alliance For Hippocratic Medicine, 602 U.S. 367 (2024). See Republican Nat'l Comm. v. N.C. State Bd. of Elections, 120 F.4th 390, 396-97 (4th Cir. 2024) (organizations with a common core mission of "promoting Republican voter engagement and electing Republican candidates" possessed standing where they alleged the state's violations of federal law "forced them to divert significantly more of their resources into combatting election fraud in North Carolina" and those efforts "frustrated their organizational and voter outreach efforts") (citation

4

modified). Plaintiffs have therefore forecast evidence which, if believed, would support its contention of standing.

The record also demonstrates genuine disputes of material fact regarding the merit of Plaintiffs' claims. The parties agree that the "Anderson-Burdick" framework (Anderson v. Celebrezze, 460 U.S. 780 (1983), and Burdick v. Takushi, 504 U.S. 428 (1992)) governs Count Two. Applying Anderson-Burdick requires the court to balance the severity of the burden the challenged regulatory scheme places on the right to vote against the strength of the State's interests in imposing the burden. Burdick, 504 U.S. at 434. Naturally, "the greater the burden imposed, the more important a state's justification must be." Voto Latino v. Hirsch, 712 F. Supp. 3d 637, 664 (M.D.N.C. 2024) (citation omitted). Here, Plaintiffs have produced evidence indicating that SB 747 imposes some burden on individuals attempting to register to vote — even as modified with the notice and cure process established by the Voto Latino consent judgment. (Doc. 124-51 ¶¶ 25-28, 102, 104, 111.) Conversely, Defendants have provided evidence that SB 747 promotes election integrity and public confidence in election results. (Doc. 119-2 at 3; Doc. 119-3 at 5.) Because the parties dispute the extent to which SB 747 burdens putative registrants and advances election integrity interests, reconciling these dueling accounts requires the resolution of factual disputes and is thus best suited for trial. See Burdick,

5

504 U.S. at 434–37 (considering the burdens imposed by Hawaii's entire electoral scheme rather than the burdens imposed by isolated sections of its election code).

As for Count Three, Plaintiffs allege that SB 747 violates the Twenty-Sixth Amendment. As the court noted in a prior order, the parties disagree about whether Anderson-Burdick or the standard supplied by Village of Arlington Heights v. Metropolitan Housing Development Corporation, 429 U.S. 252 (1977), governs this claim. (Doc. 63 at 26.) The court declines to resolve that question at this stage because summary judgment is inappropriate on this record regardless of which standard applies. See Allen v. Waller Cnty., Texas, 472 F. Supp. 3d 351, 364–65 (S.D. Tex. 2020) (reserving resolution of the proper standard pending presentation of evidence at trial). If Anderson-Burdick governs, summary judgment on this count is inappropriate for the same reasons it is inappropriate for Count Two. If Arlington Heights applies, Plaintiffs would be required to demonstrate that a "discriminatory intent or purpose" was a "motivating factor" that led to SB 747's enactment. Arlington Heights, 429 at 265. While Plaintiffs have not produced direct evidence that members of the General Assembly sought to discriminate against young voters, they have provided evidence that, if credited, suggests that private citizens and advocacy organizations that espouse views Plaintiffs label discriminatory against young voters influenced SB 747's enactment.

6

(See, e.g., Docs. 124-2 at 14, 17-23; 124-3 at 17-25; 124-4 at 10-12, 14-15; Doc. 124-5 at 9-19, 22-30, 35-37, 40-46, 52-55.) Plaintiffs contend that their evidence creates a genuine dispute of material fact regarding whether the General Assembly enacted SB 747 for a discriminatory purpose. See Grp. Home on Gibson Island, LLC v. Gibson Island Corp., No. 23-2295, 2025 WL 1932933, at *10 (4th Cir. July 15, 2025) (reversing grant of summary judgment where there was "evidence in the record from which a jury could find that the [homeowners association] acted in response to these community views, so that they may be attributed to the [homeowners association]"); see also A Helping Hand, LLC v. Baltimore Cnty., 515 F.3d 356, 366 (4th Cir. 2008) ("[I]t is well-established that community views may be attributed to government bodies when the government acts in response to these views.") (citations omitted). But cf. Brnovich v. Democratic Nat'l Comm., 594 U.S. 647, 689 (2021) (rejecting reliance on a "cat's paw theory" to assess the intent of legislators). Accordingly, summary judgment on Count Three is not warranted.

## II. CONCLUSION

For these reasons,

IT IS THEREFORE ORDERED that Defendants' motion to dismiss for lack of jurisdiction (Doc. 125) is DENIED.

IT IS FURTHER ORDERED that Defendants' motions for summary judgment (Docs. 119, 121) are DENIED.

7

The court will determine a trial date at the conference presently scheduled for July 22, 2025, at 11:00 a.m. in Winston-Salem, Courtroom # 2.  (See Doc. 132.)

                                              /s/   Thomas D. Schroeder
                                           United States District Judge

July 21, 2025