IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DEMOCRACY NORTH CAROLINA; *et al.*, )
)
                Plaintiffs, )
)
  v. )    1:23-CV-878
)
FRANCIS X. DELUCA, in his official )
capacity as CHAIR OF THE STATE BOARD )
OF ELECTIONS; *et al.*, )
)
                Defendants. )

**MEMORANDUM ORDER**

THOMAS D. SCHROEDER, District Judge.

This case is before the court on the motion by Plaintiffs Democracy North Carolina, League of Women Voters of North Carolina, and North Carolina Black Alliance ("Plaintiffs") to authorize alternative service of a trial subpoena on Ms. Cleta Mitchell, a previously deposed witness in this case, and to compel her appearance at trial. (Doc 158.) Ms. Mitchell, proceeding pro se, filed her response (Docs. 162, 163), and Plaintiffs filed a notice of their lack of intent to file a reply (Doc. 164). For the reasons that follow, Plaintiffs' motion will be granted in part and denied in part.

At times relevant to this case, Mitchell headed up the Election Integrity Network ("EIN"), a national organization. In that capacity, Mitchell monitors each state's activities as to election integrity. (Doc. 124-5 at 31.) In her own words, she is

1

a "trusted source of information for conservatives." (Doc. 124-4 at 9.) She employs her expertise as an attorney and an election law expert to help State advocacy groups – including North Carolina Election Integrity Team ("NCEIT") – craft their recommendations based on a review of state law, while also providing overarching guidance. (Doc. 124-5 at 29-31.)

Plaintiffs assert that they have made repeated attempts to serve a trial subpoena on Mitchell for the upcoming trial in this case on October 20, 2025. When Plaintiffs reached out to Mitchell directly via email, she indicated that accepting service constituted a "terrible imposition," and she demanded to know more before agreeing to service. (Doc. 159 at 3-4.) Plaintiffs attempted to work with Mitchell's schedule, but Mitchell responded, "I'm not answering you until you answer me." (Id. at 4.) Plaintiffs eventually sent Mitchell a copy of the trial subpoena by email, and Mitchell informed them that she could not appear because of a "longstanding commitment." (Id.). When Mitchell insisted that she would only be available on October 21, 2025, Plaintiffs sought her agreement to accept a subpoena for that day. (Id. at 5.) Since then, Mitchell has not responded. (Id.)

In addition to this email correspondence, Plaintiffs have attempted to serve Mitchell with the trial subpoena via multiple means. Plaintiffs have twice attempted to personally serve her,

2

but Mitchell's gated community both times denied access to the process server. (Id.) Moreover, Plaintiffs have twice attempted service by certified mail, but Mitchell refused delivery on both occasions. (Id.) And when Plaintiffs attempted service by email, Mitchell responded that she was "not accepting service via email. Nice try." (Id. at 6.)

Plaintiffs' difficulty serving Mitchell does not come to the court without some history. Plaintiffs recount that they experienced similar difficulties while previously attempting to serve her with a subpoena for her deposition. (Id. at 2.) Specifically, Plaintiffs made six attempts to personally serve the deposition subpoena on Mitchell through process servers, in addition to attempts via both certified mail and email, all to no avail. (Id.) Plaintiffs secured Mitchell's deposition testimony only through the intervention of the Magistrate Judge. (See generally Doc. 91.)

Mitchell opposes service of any trial subpoena on the grounds that her role in the passage of the challenged legislation, SB 747, was "non-existent." (Doc. 162 at 3.) But the court has already found that there was sufficient evidence to suggest that private citizens and advocacy organizations that espouse views Plaintiffs label discriminatory against young voters may have influenced SB 747's enactment. (Doc. 149 at 6.) Moreover, the deposition testimony from Mr. James Womack, a subordinate of

3

Mitchell's through NCEIT's affiliation with EIN, describes her involvement in drafting the recommendations that were presented to the North Carolina Senate elections and redistricting committee chairs. (Doc. 124 at 3-4; Doc. 124-5 at 28-29.) Indeed, because Mitchell is a resident of North Carolina, Womack asserted that Mitchell "has a keen interest in [NCEIT] because she wants us to be the model state for election integrity. And so she was pretty involved in the run-up to the 2023 long session." (Doc. 124-5 at 31-32.) According to Womack, Mitchell assisted with developing the slides, put together the recommendations, and helped give the presentation to the Senate committee chairs that sought changes to North Carolina's law subject to Plaintiffs' challenge. (Doc. 124-5 at 28-30.) The court has previously denied Defendants' motion for summary judgment on the grounds that Plaintiffs sufficiently demonstrated a dispute of material fact whether SB 747 was passed with intent to discriminate against voters based on age, and Mitchell's alleged involvement related to that claim.

Plaintiffs argue that Mitchell is actively resisting service of a trial subpoena and request that the court approve alternative methods of service on her – specifically, service by email and priority mail through the United States Postal Service (which would not require a signature from Mitchell). (Doc. 159 at 6.)

As an initial matter, the court reaffirms that Mitchell's address appears well within the 100-mile geographic limit of this

4

courthouse, permitting the issuance of a trial subpoena. <u>See</u> Fed. R. Civ. P. 45(c)(1)(A). (<u>Id.</u> at 5.) And although "[s]erving a subpoena requires delivering a copy to the named person," Fed. R. Civ. P. 45(b)(1), many courts have permitted alternative means of service of a subpoena where, as here, a party has diligently attempted to effectuate personal service and the alternative means is likely to reasonably ensure actual receipt of the subpoena. <u>See, e.g.</u>, <u>Jowite Ltd. P'ship v. Fed. Ins. Co.</u>, No. SAG-18-2413, 2019 WL 13251993, at *2 (D. Md. July 17, 2019); <u>Juice Creative Grp., LLC v. UncommonGood, Inc.</u>, No. 22-cv-1175, 2023 WL 5012192, at *2 (D. Conn. Aug. 7, 2023); <u>JKG Fitness, Inc. v. Brown & Brown of Colo., Inc.</u>, 23-cv-01800, 2025 WL 2260117, at *1 (D. Nev. Aug. 7, 2025).

Further, when assessing proper delivery of a subpoena under Rule 45, the Fourth Circuit has considered the forum state service rules. <u>See</u> <u>In re Newbrook Shipping Corp.</u>, 31 F.4th 889, 897 (4th Cir. 2022). North Carolina courts have routinely held that service via email constitutes due diligence for purposes of service of process. <u>See, e.g.</u>, <u>County of Mecklenburg v. Ryan</u>, 871 S.E.2d 110, 116 (N.C. App. 2022); <u>In re Foreclosure of Ackhah</u>, 804 S.E.2d 794, 796 (N.C. App. 2017), <u>aff'd per curiam</u>, 811 S.E.2d 143 (N.C. 2018). Here, the record reflects that Mitchell is taking affirmative steps to avoid service. Thus, the court finds that

5

Plaintiffs may effectuate service on Mitchell so long as they provide her with the subpoena by both email and priority mail.

Although Plaintiffs also request that the court order Mitchell's appearance at trial, such an order would be premature at this stage.  If Mitchell fails to appear for the bench trial, Plaintiffs will have the opportunity to request further remedies from the court at that time.

IT IS THEREFORE ORDERED that the Plaintiffs' motion to authorize alternative service of subpoena on Ms. Cleta Mitchell, a previously deposed witness in the present action, and to compel her appearance at trial (Doc. 158) is GRANTED IN PART and DENIED IN PART.  Plaintiffs may effectuate service of the trial subpoena on Mitchell through the use of both email and priority mail, but the court declines, without prejudice, Plaintiffs' request that it order her attendance at trial.

The Clerk of Court is directed to mail a copy of this Memorandum Order to Ms. Cleta Mitchell at the address she has provided on her submissions.

                                                 /s/   Thomas D. Schroeder
                                                 United States District Judge

October 9, 2025

6

Case 1:23-cv-00878-TDS-JEP   Document 177   Filed 10/09/25   Page 6 of 6