IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DEMOCRACY NORTH CAROLINA; *et al.*,  )
                                      )
                    Plaintiffs,       )
                                      )
    v.                                )   1:23-CV-878
                                      )
FRANCIS X. DELUCA, in his official    )
capacity as CHAIR OF THE STATE BOARD  )
OF ELECTIONS; *et al.*,               )
                                      )
                    Defendants.       )

## MEMORANDUM ORDER

Before the court is Defendants' objection to the disclosure of Jaimee Elizabeth Suwalkowski as a fact witness for trial. (Doc. 156 at 3-5.) For the reasons that follow, the court will sustain Defendants' objection and preclude Plaintiffs from offering Ms. Suwalkowski's testimony unless solely for impeachment purposes.

I.  BACKGROUND

This case has been pending since October 17, 2023. (Doc. 1.) After an extension, the discovery period ended April 4, 2025, and final pretrial disclosures were due July 7, 2025. In their disclosures, Plaintiffs listed 26 witnesses, which included seven voters allegedly affected by Senate Bill 747, and a category styled simply, "Additional voters impacted by SB 747's changes to same-day registration in the 2024 elections." (Doc. 146-1 at 3-4.)[1]

---

[1] Plaintiffs state that during discovery they "listed a similar category and, in a supplement, identified seven 'impacted voters' by name." (Doc. 156 at 5.) Ms. Suwalkowski was not one of the seven.

Defendants objected to the inclusion of this catch-all category on the grounds that it violated Federal Rule of Civil Procedure 26(a)(3)(A) by failing to name or provide information as to who those voters would be.  (Doc. 147 at 1-2.)

On July 22, 2025, after denying Defendants' motions for summary judgment and after conferring with the parties, the court set the trial date as October 20, 2025.

On September 8, 2025, long after discovery closed and after the parties filed their pretrial disclosures, Plaintiffs identified Ms. Jaimee E. Suwalkowski as a potential trial witness.  (See Doc. 156 at 3.)  Defendants objected to Ms. Suwalkowski.  (Id. at 4.)  Plaintiffs' briefing asserts that following the court's July 22 hearing, Plaintiffs began to attempt to confirm trial availability of their disclosed voter witnesses and had difficulty doing so.  (Doc. 156 at 6.)  Plaintiffs further contend that they disclosed Ms. Suwalkowski only one business day after receiving confirmation from her that she would be available for the week of trial.  (Id.)

On October 9, 2025, the court held a pretrial hearing, at which time Plaintiffs raised the contested disclosure of Ms. Suwalkowski, and Defendants renewed their continuing objection.

## II. ANALYSIS

Defendants object to the belated disclosure of Ms. Suwalkowski as unjustified and argue they are prejudiced.  (Doc. 156 at 4-5.)  In particular, they note that discovery indicates Ms. Suwalkowski

2

was a resident of New Hanover County, but neither Plaintiffs nor Defendants asked questions about her during the New Hanover County Board's Federal Rule of Civil Procedure 30(b)(6) deposition, because there was no prior notice of Ms. Suwalkowski. (Id. at 4.) Defendants also object to Plaintiffs' attempt to shoehorn Ms. Suwalkowski into the category of "[a]dditional voters impacted by SB 747's changes to same-day registration in the 2024 elections." (Id. at 4-5 (citing Intercollegiate Women's Lacrosse Coaches Ass'n v. Corrigan Sports Enterprises, Inc., 698 F. Supp. 3d 814, 821-23 (M.D.N.C. 2023) ("IWLCA").)

Plaintiffs contend that the disclosure is both harmless and substantially justified. (Doc. 156 at 5 & n.1 (citing Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003)).) According to Plaintiffs, Defendants were aware that they intended to offer evidence of the experience of student voters impacted by Senate Bill 747. Plaintiffs point to their witness list that included the category of "[a]dditional voters impacted by SB 747's changes to same-day registration in the 2024 elections" and note that during discovery they "listed a similar category and, in a supplement, identified seven 'impacted voters' by name." (Id. at 5.) The addition of Ms. Suwalkowski is necessary and justified, they say, because Plaintiffs have been unable to confirm trial availability for their disclosed witnesses. (Id. at 6.) Thus, they contend that her testimony is neither

3

surprising nor controversial. (Id.) Even though discovery was extended and closed on April 4, 2025 (Doc. 106), Plaintiffs neither sought to preserve the testimony of their seven fact witnesses nor, apparently, confirmed their continued availability. Plaintiffs argue that, although discovery is long closed, Defendants would be free to depose Ms. Suwalkowski and/or reopen the deposition of the New Hanover County Board's designee. (Id.)

Rule 26(a) requires a party to voluntarily disclose to other parties "the name and, if known, the address and telephone number of each individual likely to have discoverable information — along with the subjects of that information — that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). "The parties must provide the specific names of the individuals they might use as witnesses. It is not sufficient to identify them through the use of a collective description[.]" 6 James Wm. Moore et al., Moore's Federal Practice § 26.22(4)(a)(i) (2023); Alston v. DIRECTV, 254 F. Supp. 3d 765, 780 (D.S.C. 2017). The basic purpose of Rule 26(a) "is to allow the parties to adequately prepare their cases for trial and to avoid unfair surprise." Russell v. Absolute Collection Servs., Inc., 763 F.3d 385, 396 (4th Cir. 2014). Rule 26 further requires a party to "supplement" any disclosure made under Rule 26(a) "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective

4

information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). For a witness to have "otherwise been made known" during discovery, "a party's collateral disclosure of the information that would normally be contained in a supplemental discovery response must [be] in such a form and of such specificity as to be the functional equivalent of a supplemental discovery response; merely pointing to places in the discovery where the information was mentioned in passing is not sufficient." L-3 Commc'ns Corp. v. Jaxon Eng'g & Maint., Inc., 125 F. Supp. 3d 1155, 1168-69 (D. Colo. 2015). See Ollier v. Sweetwater Union High School Dist., 768 F.3d 843, 861-63 (9th Cir. 2014) (finding party's attempt to list fact witnesses some 15 months after the discovery cutoff yet ten months before trial was neither justified nor harmless even though they were mentioned by name in various depositions).

Here, Plaintiff's' belated disclosure of Ms. Suwalkowski violates Rule 26(a) and this court's pretrial order (Doc. 139). Plaintiffs conceded at the hearing that the disclosure of Ms. Suwalkowski was "beyond the pretrial witness date deadline." Although Ms. Suwalkowski may be one of the "[a]dditional voters impacted by SB 747's changes to same-day registration in the 2024 elections" who Plaintiffs referenced in their trial witness disclosure (Doc. 146-1 at 4), she was not personally identified, and this generalized reference is woefully insufficient. Nor does

5

Plaintiffs' attempt to rely on their disclosure during discovery that "listed a similar category and, in a supplement, identified seven 'impacted voters' by name" (but not including Ms. Suwalkowski) (Doc. 156 at 5) help. See IWLCA, 698 F. Supp. 3d at 822 (rejecting the argument that descriptions of categories of individuals is sufficient for Rule 26(a)). And to be sure, Plaintiffs' reliance on a roll of over 1,300 voters whose ballots were rejected in the last election cannot possibly be said to fairly disclose Ms. Suwalkowski. See L-3 Commc'ns Corp., 125 F. Supp. 3d at 1168–69.

Because the belated disclosure of Ms. Suwalkowski failed to comply with Rule 26, the question is the appropriate remedy. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The court has "broad discretion" to determine whether an untimely disclosure is substantially justified or harmless. Southern States Rack & Fixture, Inc. 318 F.3d at 596-97. Five factors guide the exercise of that discretion: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's

6

explanation for its failure to disclose the evidence." Id. at 597. The first four factors "relate primarily to the harmlessness exception, while the last factor, addressing the party's explanation for its nondisclosure, relates mainly to the substantial justification exception." Bresler v. Wilmington Tr. Co., 855 F.3d 178, 190 (4th Cir. 2017). The burden of establishing these factors rests with the non-disclosing party. Wilkins v. Montgomery, 751 F.3d 214, 222 (4th Cir. 2014).

Turning first to justification, the court easily concludes that the belated disclosure of Ms. Suwalkowski was not substantially justified. According to Plaintiffs, their seven previously-disclosed witnesses were not "available." Upon questioning by the court, however, Plaintiffs explained the reasons for their unavailability as follows: "[j]ust life, transportation, some of them just kind of fell off the grid." These are not grounds of "unavailability" as that term is used in the caselaw. A witness may be unavailable because of death, illness, or some other unanticipated event. Cf. Fed. R. Evid. 804(a)(4) ("A declarant is considered to be unavailable as a witness if the declarant . . . cannot be present or testify at the trial or hearing because of death or a then-existing infirmity, physical illness, or mental illness."). "In particular, courts have recognized that the witness's unavailability may be based on a showing that 'the proposed deponent is beyond the subpoena powers of the United States

7

and has declared his unwillingness to testify at trial.'" United States v. Jefferson, 594 F. Supp. 2d. 655, 665 (E.D. Va. 2009) (quoting United States v. Ramos, 45 F.3d 1519, 1523 (11th Cir. 1995)). Here, none of these conditions has been demonstrated. Even if they do not meet the 100-mile portion of the rule, Plaintiffs have not shown that they cannot be subject to the court's order to compel appearance within the state. See Fed. R. Civ. P. 45(c)(1)(B)(ii). Furthermore, that all seven witnesses allegedly "fell off the grid" is not a satisfactory explanation, especially since Plaintiffs listed them on their pretrial witness list as late as this July. This reflects a failure to have confirmed their availability during discovery and more recently when Plaintiffs listed them on their trial witness disclosure. Moreover, had Plaintiffs been concerned about their availability, they could have secured testimony from them, either through the use of the subpoena process or through deposition. As Plaintiffs themselves candidly acknowledged through counsel, "we made the decision to pursue other witnesses who were in the same category of witness who would [be] willing to come testify in the window that we had." Accordingly, the fifth Southern States factor weighs strongly in favor of Defendants as the failure to timely disclose Ms. Suwalkowski was not substantially justified.

The court now turns to harmlessness and the other four Southern States factors. The first factor, surprise, favors Defendants. As

8

Plaintiffs correctly observe (see Doc. 156 at 5), Defendants have been aware of Plaintiffs' intention to offer this type of evidence (Senate Bill 747's impact on student voters) since the beginning of the case (see Doc. 1 at 25-28). Defendants were nevertheless unaware that this particular witness would be called to explain her particular experience; it is implausible to suggest that Defendants should have prepared at the individual level for all of the more than 1,300 voters whose same-day registrations were rejected. See IWLCA, 698 F. Supp. 3d at 819-20 (finding surprise existed where the party had disclosed a theory of damages but not a specific damages computation). As to the second and third factors, to the extent surprise could be cured here, it would involve hardship to the Defendants and potential disruption of the trial. Plaintiffs argue that Defendants did not depose any of the seven previously-listed witnesses. True, but Defendants represent that the deposition of the New Hanover County Board designee who processed Ms. Suwalkowski's voter registration and ballot would need to be reopened, risking disruption of the trial, which is now less than a week away. Even if that were not the case, the delay in seeking to add this witness until shortly before trial is prejudicial as it disrupts the orderly preparation for trial that the discovery process is meant to ensure. See Ollier, 768 F.3d at 862-63. The second and third factors thus favor Defendants. The fourth factor, the importance of the evidence, favors Plaintiffs. Defendants have

9

not contended Ms. Suwalkowski's evidence is unimportant. See Doc. 156 at 4-5. Yet this factor only weakly favors Plaintiffs; "importance cuts in both directions here, as admission of important undisclosed evidence prejudices [Defendants] as well." IWLCA, 698 F. Supp. 3d at 820 (citing Southern States, 318 F.3d at 598-99).

The court concludes that the balance of the Southern States factors favors Defendants. The failure to timely disclose Ms. Suwalkowski is neither harmless nor substantially justified. As such, exclusion of her testimony - unless solely for impeachment purposes - is the appropriate remedy. Id. at 823; see Fed. R. Civ. P. 26(a)(1)(A)(i).

### III. CONCLUSION

For these reasons,

IT IS ORDERED that Defendants' objection to Plaintiffs' listing of Ms. Suwalkowski as a trial witness is SUSTAINED and Plaintiffs may not call her as a witness unless solely for impeachment purposes.

<pre>
                                    /s/   Thomas D. Schroeder
                              United States District Judge
October 16, 2025
</pre>