IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 1:23-cv-00878-TDS-JEP

| | |
|---|---|
| DEMOCRACY NORTH CAROLINA; NORTH CAROLINA BLACK ALLIANCE; LEAGUE OF WOMEN VOTERS OF NORTH CAROLINA,<br><br>*Plaintiffs,*<br><br>v.<br><br>FRANCIS X. DE LUCA, in his official capacity as CHAIR OF THE STATE BOARD OF ELECTIONS; et al.,<br><br>*Defendants,*<br><br>and<br><br>PHILIP E. BERGER, in his official capacity as PRESIDENT *PRO TEMPORE* OF THE NORTH CAROLINA SENATE; et al.,<br><br>*Intervenor Defendants.* | **PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE OF CERTAIN DOCUMENTS** |

Plaintiffs Democracy North Carolina, North Carolina Black Alliance, and the League of Women Voters of North Carolina respectfully request that the Court take judicial notice of certain publicly available documents pursuant to Federal Rule of Evidence 201 that were discussed with Dr. Andrew Taylor during his cross-examination. The documents are all matters of public record and are publicly available on government websites and therefore are not subject to reasonable dispute. True and correct copies of the documents are attached as **Attachments 1-14** to the concurrently filed Declaration of Laura D. Niday ("Niday Declaration"). Specifically, Plaintiffs request that the Court take judicial notice of documents that are all public records subject to a legal duty to report, namely, proposed and enacted legislation and legislative history. A list of these documents is attached as **Appendix A** to this Request.

The Court may properly take judicial notice of the materials identified in Appendix A—and the information they contain—pursuant to Rule 201, which permits judicial notice of facts "not subject to reasonable dispute because [they] can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). That standard is plainly met here: the complete contents of these public records are all readily available through official government sources. *See Just. 360 v. Stirling*, 42 F.4th 450, 455 (4th Cir. 2022) ("[W]e may properly take judicial notice of matters of public record.") (quotation omitted), *Goldfarb v. Mayor and City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015); *Hilton v. Gossard*, 702 F. Supp. 3d 425, 430 (D.S.C. 2023) (taking judicial notice of information on a state government website).

1

Courts routinely take judicial notice of publicly available government records and the data and information within them. For example, in *Voto Latino v. Hirsch*, this Court took judicial notice of a range of official materials published by the North Carolina General Assembly and the State Board of Elections ("NCSBE"), including the text of Senate Bill 747, related provisions of the North Carolina General Statutes, data presented in NCSBE memoranda, and other substantive information conveyed through North Carolina's legislative and administrative websites. 712 F. Supp. 3d 637, 646-53, 652 n.14 (M.D.N.C. 2024). Plaintiffs are seeking judicial notice of the same types of records here.

Other courts have likewise recognized the propriety of judicial notice in similar contexts. *See, e.g.*, *Papasan v. Allain*, 478 U.S. 265, 268 n.1 (1986) ("[W]e are not precluded . . . from taking notice of items in the public record."); *Armstrong v. United States*, 80 U.S. 154, 156 (1871) (holding that courts are "bound to take notice" of public acts such as official proclamations); *Hall v. Louisiana*, No. 12-00657-BAJ-RLB, 2015 WL 1383532, at *3 (M.D. La. Mar. 23, 2015) ("The Court is entitled to take judicial notice of the legislative history of a bill.") (citing *Territory of Alaska v. Am. Can Co.*, 358 U.S. 224, 226–27 (1959)); *Just Puppies, Inc. v. Frosh*, 565 F. Supp. 3d 665, 704-705 (D. Md. 2021) (taking judicial notice of a state law and associated legislative history available on the Maryland General Assembly's website); *Schultz v. Tecumseh Products*, 310 F.2d 426, 433 (6th Cir. 1962) (noting that federal courts must take judicial notice of state law, whether statutory or judicial in nature).

Plaintiffs note that these documents are all admissible pursuant to Federal Rules of Evidence 803(8) (hearsay exception for public records) and 902(5) (official publications

issued by a public authority are self-authenticating), and seeking judicial notice here furthers the parties' shared interest in efficiency given the limited trial time available for this case. *Cf. Grand Opera Co. v. Twentieth Century-Fox Film Corp.,* 235 F.2d 303, 307 (7th Cir. 1956) ("Judicial notice is merely a substitute for the conventional method of taking evidence to establish facts.").

Further, in requesting that the Court take judicial notice of these documents, Plaintiffs do *not* ask the Court to take judicial notice of any interpretation or conclusions about these documents. *Contra Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 216 (4th Cir. 2009) (plaintiff "actually s[ought] notice of its own interpretation of the contents of those [permit decision] documents"). It is therefore appropriate for the Court to take judicial notice of the records identified above pursuant to Rule 201.

For the foregoing reasons, Plaintiffs respectfully request that the Court approve their request for judicial notice.

Dated: October 24, 2025

Respectfully Submitted,

*/s/ Jeffrey Loperfido*

Rachel M. Cannon
STEPTOE LLP
227 West Monroe Street, Suite 4700
Chicago, IL 60606
Telephone: (312) 577-1300
rcannon@steptoe.com

Laura Niday
STEPTOE LLP
1330 Connecticut Avenue NW
Washington, DC 20036
Telephone: (202) 429-3049
Facsimile: (202) 429-3902
lniday@steptoe.com

Jeffrey Loperfido (State Bar #52939)
Christopher Shenton (State Bar #60442)
Hilary H. Klein (State Bar #53711)
Lily A. Talerman (State Bar #61131)
Helena C. Abbott (State Bar #62225)
Adrianne M. Spoto (State Bar #63569)
SOUTHERN COALITION FOR SOCIAL JUSTICE
PO Box 51280
Durham, NC 27717
Telephone: 919-794-4213
Facsimile: 919-908-1525
jeffloperfido@scsj.org

3

Michael Dockterman
Kristin Hendriksen
Laurel Taylor
MCDERMOTT WILL & SCHULTE
444 West Lake Street, Suite 4000
Chicago, IL 60606
Telephone: (312) 984-7730
Facsimile: (312) 984-7700
mdockterman@mwe.com
khendriksen@mwe.com
ltaylor@mwe.com

chrisshenton@scsj.org
hilaryhklein@scsj.org
lily@scsj.org
helena@scsj.org
adrianne@scsj.org

*Counsel for Plaintiffs Democracy North Carolina, North Carolina Black Alliance, and League of Women Voters of North Carolina*

## CERTIFICATE OF COMPLIANCE WITH RULE 7.3(d)

The undersigned counsel certifies that the present filing is in accordance with Local Rule 7.3(d) of the Rules of Practice and Procedure of the United States District Court for the Middle District of North Carolina, including that the body of this brief, headings and footnotes contain no more than 6,250 words as indicated by Microsoft Word, the program used to prepare this brief.

Date: October 24, 2025  /s/ *Jeffrey Loperfido*

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all parties of record.

                                 */s/ Jeffrey Loperfido*
                                      (State Bar #52939)

# Appendix A

| Attachment Number | Exhibit Number | Exhibit Name | Excerpt, Highlight, or Full | Publicly Available Link | Page Numbers (Excerpts/ Highlights) |
|---|---|---|---|---|---|
| 1 | **PX215** | 1951 Journal of the Senate of the General Assembly of the State of North Carolina | Excerpt, Highlight | https://digital.ncdcr.gov/Documents/Detail/journal-of-the-senate-of-the-general-assembly-of-the-state-of-north-carolina-at-its-1951-session/2689911?item=2693260 | 5, 25, 46, 118, 128, 139 |
| 2 | **PX216** | March 9, 1971 Congressional Record from U.S. Senate | Excerpt, Highlight | | 49, 52, 54 |
| 3 | **PX216A** | March 9, 1971 Congressional Record from U.S. Senate | Full | https://www.congress.gov/92/crecb/1971/03/09/GPO-CRECB-1971-pt5-1-1.pdf | |
| 4 | **PX217** | 1963 Journal of the Senate of the General Assembly of the State of North Carolina | Excerpt, Highlight | https://digital.ncdcr.gov/Documents/Detail/journal-of-the-senate-of-the-general-assembly-of-the-state-of-north-carolina-at-its-1963-session/3830670 | 7, 69, 854 |
| 5 | **PX218** | 1963 Journal of the House of Representatives of the General Assembly of the State of North Carolina | Excerpt, Highlight | https://digital.ncdcr.gov/Documents/Detail/journal-of-the-house-of-representatives-of-the-general-assembly-of-the-state-of-north-carolina-at-its-...-1963-session/3830647 | 7, 114, 906 |
| 6 | **PX219** | HB 908 (2009) | Excerpt, Highlight | | 1, 4 |
| 7 | **PX219A** | HB 908 (2009) | Full | https://www.ncleg.gov/Sessions/2009/Bills/House/PDF/H908v7.pdf | |
| 8 | **PX220A** | HB 589 (2013) | Excerpt, Highlight | | 1, 24 |
| 9 | **PX220B** | HB 589 (2013) | Excerpt, Highlight | | 1, 2 |
| 10 | **PX220C** | HB 589 (2013) | Full | https://www.ncleg.gov/Sessions/2013/Bills/House/PDF/H589v9.pdf | |

| 11 | **PX223** | SB 824 (2018) | Excerpt, Highlight | | 1, 2-4 |
| 12 | **PX223A** | SB 824 (2018) | Full | https://www.ncleg.gov/Sessions/2017/Bills/Senate/PDF/S824v0.pdf | |
| 13 | **PX226** | HB 127 (2025) | Highlight | | 1-2 |
| 14 | **PX226A** | HB 127 (2025) | Full | https://www.ncleg.gov/Sessions/2025/Bills/House/PDF/H127v1.pdf | |